STATE of Missouri, Plaintiff–Respondent,

v.

John Philip BROWN, Defendant–Appellant.

No. 52995.

Missouri Court of Appeals, Eastern District, Division Three.

April 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1988.

Kathleen Murphy Markie, Melinda Kay Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

John Philip Brown was tried by a jury and convicted of manufacturing marijuana, § 195.020, RSMo 1986 and felony possession of more than thirty-five grams of marijuana, § 195.200.1(1)(b), RSMo 1986. He was sentenced to two consecutive three year terms of imprisonment. We affirm.

On June 9, 1986, members of the Missouri Highway Patrol and the Monroe County Sheriff's Department were conducting a routine aerial search for marijuana fields when they spotted what they believed to be marijuana growing on appellant's property. The officers took photographs of the suspected marijuana from the airplane and again later that day from the ground near appellant's property. They secured an arrest warrant and went to appellant's house at 6:40 on the morning of June 11. Appellant, a sixty-two year old man, answered the door and invited the officers into his home. His wife joined them from the master bedroom. At that time, both appellant and his wife were arrested and read their Miranda rights. The police did not have a search warrant, but appellant gave both oral and written consent for the officers to search the premises.

During the course of their search, the officers located approximately 321 marijuana plants, four and one-half to five feet tall, in a woodpile in the southeast corner of the yard and in a horseweed patch in the northeast corner of the yard. The evidence showed that the plants had recently been "pruned". The plants in the woodpile were partially concealed by stacks of wood on three sides and bales of hay on one side, and starting pots were stacked on one side of the woodpile. The plants in the horseweed patch, however, were not concealed.

The officers also found marijuana hidden in a deep freezer in the garage under some frozen meat. Several starter pots were stacked on top of the freezer and underneath a shed near the garage. There were two pipes, one of which was resinated with THC, inside a travel trailer on appellant's property. Additionally, the officers found two dried plants and some starting pots on the patio behind appellant's house.

In a back bedroom of the house, the officers found marijuana hidden in a backgammon board and a jar of marijuana seeds. They found grow pellets under the bed in the master bedroom and a ziplock bag which contained marijuana in the din-

ing area. In the basement, the officers found elaborate cultivation equipment, including grow-lites, chains, hooks, cords, a timer, insulation board, plant boxes and sheets of black plastic hanging from all four walls. A piano and a cabinet partially blocked the doorway to the room in the basement where the equipment was found.

Appellant was charged with manufacturing marijuana and felony possession of more than thirty-five grams of marijuana. Before trial, appellant filed a motion to compel election between the charge in Count I and the charge in Count II. The trial court overruled the motion and submitted separate verdict directors to the jury for each count. The court instructed the jury to find appellant guilty if they believed beyond a reasonable doubt that either he possessed and manufactured the marijuana or knowingly aided his wife in the commission of each offense. Appellant was convicted on both counts.

Appellant first contends that the trial court erred in denying his motion for acquittal because the evidence was insufficient to establish that appellant or his wife knew the nature of the vegetation or dried vegetal matter, manufactured it or had any conscious control over it. In ruling on a challenge to the sufficiency of the evidence to support a conviction, all evidence in the record tending to support the guilty verdict and all reasonable inferences to be drawn therefrom must be taken as true, and all contrary evidence is to be disregarded. *State v. Wright*, 735 S.W.2d 137, 138[1] (Mo.App.1987).

■ Appellant urges that the state failed to disprove the possibility that his son lived at the residence and manufactured and possessed the marijuana surreptitiously from appellant and his wife. Appellant did not present any evidence at trial showing that his son lived at the residence on a permanent basis other than hearsay testimony of one of the officers. Any inference that it was appellant's son, and not appellant, who manufactured and possessed the marijuana may be disregarded as contrary to the verdict. The conclusion which appellant asks this court to accept was "solely for the

trier of fact to consider." *See State v. Kerfoot*, 675 S.W.2d 658, 662[10] (Mo.App. 1984).

There is nothing in the record to indicate that appellant and his wife did not have exclusive control of the premises, thus the remaining issue is whether there was sufficient evidence for the jury to find beyond a reasonable doubt that either appellant possessed and manufactured the marijuana and knew what it was, or that he aided and abetted his wife in doing so.

■ Section 562.041.1(2) RSMo 1978 provides:

A person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing, or attempting to commit the offense.

Proof of any form of participation by defendant in the crime is enough to support a conviction and his presence at the scene; his companionship and conduct before and after the offense are circumstances from which one's participation in the crime may be inferred. *State v. Watson*, 716 S.W.2d 398, 400[3] (Mo.App.1986).

To sustain a conviction for possession, the state must prove that the defendant had conscious and intentional possession of the substance, and had knowledge of the presence and nature of the substance. *State v. Caldwell*, 698 S.W.2d 566, 573[12] (Mo.App.1985). A prima facie case of knowing possession of a controlled substance is made out by the prosecution showing the defendant's possession of the substance. *State v. Bell*, 719 S.W.2d 763, 765[2] (Mo.1986). However, constructive possession will suffice to sustain a conviction for possession of a controlled substance if the facts are present to buttress an inference of the defendant's knowledge of the presence of the controlled substance. *State v. Hall*, 680 S.W.2d 179, 182[2] (Mo. App.1984).

In the present case, the evidence clearly shows the existence of large quantities of marijuana on the premises and appellant's

ready access to it. Two patches of marijuana containing approximately 321 plants were found in appellant's yard. Marijuana was found in plain view on the patio and in the basement. Marijuana was found in the dining area and in the northeast bedroom. Ten bags of marijuana were found in the shed. In short, marijuana was everywhere. It is inconceivable to suggest that appellant could have lived on the premises and not have been aware of the presence and nature of the substance. The evidence clearly shows that appellant knowingly and intentionally possessed the marijuana and was aware of its presence and nature.

■ As to the manufacturing charge, the state must prove that the defendant manufactured the marijuana and knew what it was. *See State v. White*, 691 S.W. 2d 436, 440[1] (Mo.App.1985). There is substantial evidence upon which the jury could reasonably have found that appellant knew that marijuana was being manufactured on his property, considering the number of plants found growing in his yard and the extent of the cultivation operation discovered in his basement. Seeds, starter boxes and pots were found throughout the premises. Most significantly, perhaps, "grow pellets" were found in appellant's bedroom. We find that the trial court properly denied appellant's motion for judgment of acquittal because the jury could reasonably have found appellant guilty of manufacturing marijuana.

■ Appellant next contends that the trial court erred in denying his motion to compel election and in submitting counts I and II to the jury, and in sentencing appellant for violations of both offenses because conviction for possession and manufacture of marijuana violated the · prohibitions against double jeopardy.

Appellant alleges that the possession of marijuana is a lesser included offense of the manufacture of marijuana. We find that appellant's claim of double jeopardy is without merit because the respective offenses contain different elements.

The applicable test, to determine whether several charges are identical, is whether each offense necessitates proof of a fact which the other does not; the fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy. *State v. Lulkowski*, 721 S.W.2d 35, 37[2] (Mo.App.1986). Multiple convictions are permissible if the defendant has in law and fact committed separate crimes. *Id.* at 37[2].

To convict a defendant for possession, the state must prove that he had knowledge of the presence and nature of the substance. *State v. Caldwell*, 698 S.W.2d 566, 573[12] (Mo.App.1985). The mental state pertains only to having the controlled substance under one's dominion or control, or having access to it. *See State v. Barber*, 635 S.W.2d 342, 343[2] (Mo.1982). The terms "possession" and "control" are to be read synonymously. In *State v. Carouthers*, 714 S.W.2d 867, 871[7] Mo.App.1986), the court noted that "possession" and "having under his control" are not distinct and separate offenses.

To convict a defendant of manufacturing, the state had the burden of showing the planting, cultivation, growing, or harvesting of marijuana. *State v. Melton*, 733 S.W.2d 21, 22 (Mo.App.1987); § 195.010 RSMo 1986. "Manufacture" is defined by statute to mean "the production, preparation, propagation, compounding or processing of ... a controlled substance ..." Section 195.010(21) RSMo 1986.

In *State v. Franks*, 688 S.W.2d 787, 789–90[1] (Mo.App.1985), a case in which the defendant was convicted of possession *and* manufacturing marijuana, the court noted that "the offense of growing marijuana consists of two elements: 1) causing the marijuana plants to have vegetal life and to encourage and promote their growth, *with* 2) an awareness of the character of the controlled substance." (emphasis added). The mental state is tied directly to a form of horticultural activity that is prohibited by statute, i.e., manufacturing/growing marijuana. *See also State v. Netzer*, 579 S.W.2d 170, 175–76[13] (Mo.App.1979). We find that "possession" and "manufacture" of marijuana are distinct and separate offenses. Accordingly, we find no merit in

appellant's assertion that he was placed in double jeopardy.

Judgment affirmed.

KAROHL, P.J., and SMITH, J., concur.