William G. SALMONS, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 57013.

Missouri Court of Appeals,
Western District.

Feb. 15, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 28, 2000

Application for Transfer Denied
May 30, 2000.

Nancy McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before: Presiding Judge LOWENSTEIN, Judge LAURA DENVIR STITH and Judge RIEDERER.[1]

HAROLD L. LOWENSTEIN, Judge.

After pleading guilty to the two felonies of manufacture of methamphetamine and possession of pseudoephedrine, Appellant filed a motion for post-conviction relief pursuant to Rule 24.035. Appellant claimed his constitutional rights were violated in that his convictions violated double jeopardy and he was denied effective assistance of counsel. At the heart of this motion is the argument that pseudoephedrine is a necessary component in methamphetamine implying that one cannot commit the crime of manufacture of methamphetamine without first possessing pseudoephedrine.

## I. FACTS

Appellant, William G. Salmons, was charged by information in lieu of indictment and plead guilty to the class B felony of manufacture of methamphetamine, in violation of § 195.211, RSMo Cum.Supp. 1998, and the class D felony of possession of pseudoephedrine with intent to manufacture methamphetamine in violation of § 195.246, RSMo Cum.Supp.1998.[2] At the plea hearing, Appellant testified that he understood both of the charges and that he understood the rights he was giving up by entering his guilty pleas. Appellant also assured the court that he had no complaints about his legal representation.

In his motion for relief pursuant to Rule 24.035, Appellant alleged he had been convicted in violation of the constitutional prohibition against double jeopardy and that he had been denied effective assistance of counsel.

After finding Salmons was not entitled to an evidentiary hearing on the matter because the "files and records conclusively show[ed] that Movant [was] entitled to no relief," the court entered judgment denying his motion for relief.

## II. STANDARD OF REVIEW

On appeal from a denial of a motion for post-conviction relief, this court is limited to a determination of whether the findings and conclusions were clearly erroneous. Rule 24.035(k). The findings and conclusions "are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Parker,* 886 S.W.2d 908, 929 (Mo. banc 1994).

## ANALYSIS

### A.

Appellant's first claim of error is that his guilty pleas to the manufacture of a controlled substance and the possession of pseudoephedrine with intent to manufacture methamphetamine were involun-

---

1. After submission of this case, Judge Riederer retired from the court.

2. All further statutory references are to the Revised Statutes of Missouri, Cumulative Supplement 1998, unless otherwise indicated.

tary and unknowing because his attorney failed to raise the objection that conviction of both these charges would violate Appellant's double jeopardy rights. Appellant contends that all of the elements of the felony of possession of pseudoephedrine are contained in the felony of the manufacture of methamphetamine, and therefore, conviction for both violated Appellant's double jeopardy rights under the Constitution.

■ "The Fifth Amendment, incorporated in and made applicable to the states by the Fourteenth Amendment,...provides that no one shall be 'subject for the same offense to be twice put in jeopardy of life or limb.'" *State v. McLemore*, 782 S.W.2d 127, 128 (Mo.App.1989) quoting *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). However, a defendant may be convicted of more than one offense based on the same conduct if the legislature intended to punish the conduct under more than one statute. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). To determine the intent of the legislature regarding cumulative sentences, initially the statutes under which the defendant was convicted are examined. *State v. Villa–Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992).

■ Appellant was convicted of the manufacture of methamphetamine under § 195.211.1 which reads:

> [I]t is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Additionally, Appellant was convicted of the possession of pseudoephedrine with the intent to manufacture methamphetamine under § 195.246.1 which reads:

> It is unlawful for any person to possess...pseudoephedrine, its salts, optical isomers and salts of optical isomers with the intent to manufacture methamphetamine or any of its analogs.

The parties agree that neither of these statutes reveals whether the legislature intended to punish the same conduct under both statutes. Accordingly, Missouri's general cumulative punishment statute, § 566.041, RSMo 1994, is applicable. It reads:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
> (1) One offense is included in the other, as defined in section 556.046;

§ 566.046, RSMo 1994, in relevant part, reads:

> 1...An offense is so included when
> (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"If each of the offenses for which the defendant was convicted requires proof of an element which the other does not, the offenses are not included offenses within the meaning of § 556.046.1(1)." *Villa–Perez*, 835 S.W.2d at 903–4. As to Appellant's convictions for manufacture of methamphetamine under § 195.211.1 and possession of pseudoephedrine under § 195.246.1, the issue before the court is whether each requires proof of an element which the other does not.

The court first notes that in *State v. Brown*, 750 S.W.2d 139 (Mo.App.1988) it was held that conviction for the manufacture of marijuana and felony possession of marijuana did not constitute a double jeopardy violation. There the defendant argued that possession of marijuana was a lesser included offense of the manufacture of marijuana. In rejecting this argument the court held, "[t]he applicable test, to determine whether several charges are identical, is whether each offense necessitates proof of a fact which the other does

not; the fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy." *Id.* at 142. The court distinguished the two crimes of possession and manufacture by the requisite mental state applicable to each. As to manufacture, the state must prove (1) the planting or harvesting of marijuana *"with* (2) an awareness of the character of the controlled substance." *Id.* "[T]he mental state is tied directly to a form of horticultural activity that is prohibited by statute." *Id.* As to possession, "the state must prove that he had knowledge of the presence and nature of the substance." *Id.* "The mental state pertains only to having the controlled substance under one's dominion or control, or having access to it." *Id.* Due to these distinct mental state elements, the *Brown* court determined that conviction for possession of and manufacture of marijuana did not violate double jeopardy. Each requires proof of an element which the other does not.

 The crime of the manufacture of methamphetamine requires the state to prove the defendant: (1) manufactured methamphetamine and (2) was aware the substance he manufactured was methamphetamine. The crime of possession of pseudoephedrine with intent to manufacture methamphetamine requires the state to prove the defendant: (1) possessed pseudoephedrine; (2) was aware of its presence; and (3) possessed it with the intent to manufacture methamphetamine. *State v. White,* 14 S.W.3d 121, 126 (Mo. App.W.D.2000) citing *State v. O'Brien,* 5 S.W.3d 532 (Mo.App.1999). This case is analogous to *State v. Brown,* supra. Conviction for manufacture of methamphetamine requires proof of manufacture along with a mental state of *awareness of the nature of methamphetamine.* Conviction for possession of pseudoephedrine requires proof of *awareness of the presence of pseudoephedrine.* These are distinct proof requirements. To convict of manufacture of methamphetamine, the state need not prove the defendant was aware of the

presence of pseudoephedrine. To convict of possession of pseudoephedrine, the state need not prove the defendant was aware of the nature of methamphetamine. Therefore, conviction of each crime requires proof of an element which conviction of the other crime does not, and conviction for both does not violate double jeopardy.

Appellant's conviction for the manufacture of methamphetamine and the possession of pseudoephedrine with intent to manufacture methamphetamine did not violate double jeopardy. Therefore, Appellant's pleas of guilty to each were not involuntary due to counsel's failure to object to the convictions on that basis. This point is denied.

**B.**

 Appellant's second claim of error is that no factual basis was shown to support Appellant's guilty plea to the count of possession of pseudoephedrine because at the plea hearing Appellant was originally questioned about the charge of possession of ephedrine that was later amended. Appellant failed to raise this claim in his Rule 24.035 motion. "An issue not raised as a ground for relief in the Rule 24.035 motion is not cognizable on appeal and will not be reviewed by this court." *Smith v. State,* 970 S.W.2d 916 (Mo.App.1998) citing *Coates v. State,* 939 S.W.2d 912, 915 (Mo. banc 1997); *Brown v. State,* 882 S.W.2d 154, 156 (Mo.App.1994). "Rule 24.035(d) requires that the post-conviction motion include all of the claims and those not raised in the motion are waived." *Smith v. State,* 970 S.W.2d at 916. Appellant has not preserved this point for appeal. Point denied.

The judgment denying post-conviction relief is affirmed.

All Concur.