Quentin YATES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 84506.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 15, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2005.

Timothy J. Forneris, St. Louis, MO, for appellant.

Deborah Daniels, Leslie McNamara (co-counsel), Jefferson City, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Quentin Yates appeals the judgment dismissing his Rule 24.035 motion without an evidentiary hearing. We affirm.

## I. BACKGROUND

Yates was charged with one count of first-degree assault, one count of armed criminal action predicated on the assault and two counts of unlawful use of a weapon—the first for shooting a firearm from a motor vehicle under section 571.030.1(9) RSMo 2000[1] and the other for shooting a firearm into a dwelling house under section 571.030.1(3). According to the indictment, Yates and others were "armed with handguns;" they "opened fire" on the victim from their vehicle; one defendant shot the victim in the foot; Yates "chased and wounded the victim several times;" and "[a] number of rounds penetrated" the victim's home. According to the indictment and the State's recitation of its evidence at the plea hearing, all four counts occurred on the same date and at "approximately" the same time. As to the first unlawful use of a weapon count, the State maintained that it would prove that on that date and at that time, Yates and others knowingly shot a firearm from a vehicle at the victim at 3415 Pine Grove. As to the assault and armed criminal action counts, the State maintained that it would prove that "on that date and time at 3341 Oakdale," Yates and others fired a number of rounds at the victim, attempting to kill or seriously injure him, with the use of a deadly weapon. Finally, as to the other unlawful use of a weapon charge, the State maintained that it would prove that "at the same date and time," Yates and others knowingly shot a firearm into a dwelling house located at 3415 Pine Grove.

Yates agreed at the plea hearing that the State's recitation of these facts was substantially true and correct. He answered "no" when asked whether anyone had made any promises or had threatened him to induce him to plead guilty. Yates also indicated that he had had sufficient opportunity to discuss his case with counsel, was satisfied that counsel was aware of all the information she needed to adequately advise and represent him, was advised of all aspects of the case, including his legal rights, and was satisfied with the services rendered by counsel. Yates understood that he had the right to have a jury determine his guilt at a trial and that by pleading guilty he waived that right. Understanding that, he still pled guilty to all four counts. The court accepted his pleas after ensuring that Yates had understood all the questions asked of him and had no questions of his own.

Yates filed a motion for post-conviction relief under Rule 24.035 in which he claimed that he was subject to multiple punishments for the same offense because the two counts of unlawful use of a weapon were based on the same conduct, which violated the double jeopardy clause and section 556.041. He also alleged that counsel was ineffective for failing to investigate his request for discovery from the State until his trial date and for coercing him to plead guilty because of counsel's inadequate investigation. Yates claimed that he would testify at a hearing that "he

---

1. All statutory references are to RSMo 2000.

felt he had no other choice, but to plead because he felt pressured and did not want to go to trial with an unprepared counsel."

The motion court denied the request for an evidentiary hearing and took judicial notice of the court file, including the indictment and the transcript from the plea hearing. In its findings of fact and conclusions of law denying Yates's motion, the court stated that each of the charges against Yates required proof of a fact not required by the other charges, none of which violated the double jeopardy clause or section 556.041. It also found that Yates failed to allege what specific evidence would have been revealed upon an effective investigation by counsel or how that evidence would have helped him and failed to establish any prejudice resulting from counsel's actions. Moreover, it found that the allegations of counsel's failure to investigate and coercion were refuted by the record.

## II. DISCUSSION

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.*

### A. Double Jeopardy

■ Yates claims that his convictions and punishments for two counts of unlaw-

ful use of a weapon violated the double jeopardy clause. We disagree.

The double jeopardy clause prohibits multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). It is not a double jeopardy violation, however, to convict and punish a defendant in a single trial of several offenses arising from the same set of facts if he has "in law and in fact committed separate crimes." *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977). Double jeopardy is a question of law that we review *de novo*. *State v. Schumacher*, 85 S.W.3d 759, 761 (Mo.App. W.D.2002). When reviewing a double jeopardy claim after a guilty plea, we consider the transcript from the guilty plea and the information or indictment. *Peiffer v. State*, 88 S.W.3d 439, 441 (Mo. banc 2002).

■ The indictment charged Yates under subsections (3) and (9) of section 571.030.1, which enumerates multiple offenses pertaining to the unlawful use of a weapon. *See* section 571.030.1(1)-(10). Subsection (3) makes it unlawful to knowingly discharge or shoot a firearm into a dwelling house. Subsection (9) makes it unlawful to knowingly discharge or shoot a firearm from a motor vehicle.[2] From the description of the incident in the indictment, it appears that multiple shots were fired by the defendants. If the convictions under subsections (3) and (9) were each based on a different shot fired by Yates— one out of a vehicle and one into a dwelling house—then there is no double jeopardy violation because each shot constituted a

---

2. Shooting into "a railroad train, boat, aircraft, or motor vehicle ... or any building or structure used for the assembling of people" is also unlawful under subsection (3). And subsection (9) also makes it unlawful to discharge or shoot a firearm "at any person, or at any other motor vehicle, or at any building or habitable structure." The indictment and the transcript of the plea hearing make clear, however, that Yates was charged under subsection (3) only for shooting into a dwelling house and under subsection (9) only for shooting from a motor vehicle.

separate crime under the respective subsections. Cumulative punishments for multiple uses of a weapon, even when prosecuted under the *same* subsection of this statute, are permissible. *State v. Barber,* 37 S.W.3d 400, 404 (Mo.App. E.D. 2001) (each instance of exhibiting a weapon is a separate crime under subsection (4)); *State v. Nichols,* 865 S.W.2d 435, 437 (Mo. App. E.D.1993) (each concealed knife carried is a separate crime under subsection (1)); *State v. Morrow,* 888 S.W.2d 387, 392–93 (Mo.App. S.D.1994) (each shot fired into a dwelling house is a separate crime under subsection (3)).

■ Even if the convictions under subsections (3) and (9) were based on a single shot fired by Yates out of the vehicle and into the dwelling house, there was no double jeopardy violation.

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Subsection (3) requires proof that the firearm was shot into a dwelling house, while subsection (9) requires proof that the firearm was shot from a motor vehicle. Under the *Blockburger* test, each of these offenses has a different element than the other and they are separate offenses. *See, e.g., State v. Gordon,* 948 S.W.2d 673, 675 (Mo.App. E.D.1997) (no double jeopardy violation for prosecution of sodomy and incest based on same conduct because elements of each offense are different).

■ Yates also cites section 556.041(4), which prohibits multiple convictions for offenses constituting a continuing course of conduct:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . .
>
> (4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

The instant offenses for unlawful use of a weapon are not defined as continuing courses of conduct. Shooting a firearm into a dwelling and shooting a firearm from a vehicle are each complete upon the firing of one shot. *See Morrow,* 888 S.W.2d at 393 (distinguishing unlawful use of a weapon under subsection (3) from offenses that intrinsically involve a continuing course of conduct, such as false imprisonment, bigamy, nonsupport and operating a house of prostitution). Thus, section 556.041 does not prohibit Yates's convictions under subsections (3) and (9) of 571.030.1 based on the same conduct.

■ The motion court did not clearly err by denying Yates's claim that his convictions violated the double jeopardy clause and section 556.041. Point denied.[3]

**3.** Although not included in his point relied on, Yates also contends in the argument section of his brief that the unlawful use of a weapon convictions and the armed criminal action conviction were based on the same conduct, placing him in double jeopardy, and that his plea counsel was ineffective for not raising the double jeopardy issues. "The argument shall be limited to those errors included in the 'Point Relied On.' " Rule 84.04(e). We will not consider arguments raised for the first time in the argument portion of a brief. *Helmig v. State,* 42 S.W.3d 658, 666 (Mo.App. E.D.2001). Even if we did consider Yates's arguments, they appear to have no merit. When an armed criminal action conviction is

## B. Ineffective Assistance of Counsel

■ Yates contends that the court erred by denying his ineffective assistance of counsel claim without a hearing because he alleged facts showing that counsel's investigation was inadequate and that counsel had coerced Yates to plead guilty. Yates's claims were refuted by the record and, thus, properly denied without an evidentiary hearing.

■ A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). No hearing will be held if the record of the case conclusively shows that the movant is entitled to no relief. Rule 24.035(h). If an examination of the guilty plea proceedings directly refute that the movant's plea was involuntary, then he is not entitled to an evidentiary hearing. *Cain v. State*, 859 S.W.2d 715, 717 (Mo.App. E.D.1993).

■ "When a movant pleads guilty and then affirmatively states in court that he is satisfied with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a claim that counsel was ineffective for failure to investigate, because such a claim is refuted by the record." *Simmons*, 100 S.W.3d at 146. Here, Yates was specifically asked whether he was satisfied with counsel's services and satisfied that she had all the information necessary to represent him, to which he answered "yes." The court's questions were specific enough to elicit answers that

directly refute Yates's claim that counsel's investigation was insufficient. No hearing was required on this claim under these circumstances. *See id.; see also Evans v. State*, 921 S.W.2d 162, 165 (Mo.App. W.D. 1996).

The record also directly refutes Yates's claim that counsel coerced him to plead guilty by not being prepared for trial. In addition to admitting that he was satisfied with counsel's services and satisfied that she had all the information she needed to represent him, Yates also stated that he had sufficient opportunity to confer with counsel, that counsel had advised him of all of his legal rights, that no promises or threats had been made to induce his plea and that he understood the consequences of pleading guilty. Unlike *Shackleford v. State*, in which the movant's negative response to whether any promises had been made to induce the plea were too general to refute his claim that counsel had made a positive misrepresentation about parole, Yates's claim that he felt pressured to plead guilty because counsel was unprepared to go to trial was specifically addressed in the court's inquiry about counsel's preparation and services. *See* 51 S.W.3d 125, 128 (Mo.App. W.D.2001); *see also Martin v. State*, 78 S.W.3d 197, 199–200 (Mo.App. W.D.2002). No hearing was required on this claim under these circumstances. *See Weaver v. State*, 797 S.W.2d 526, 527–28 (Mo.App. E.D.1990).

The motion court did not clearly err by denying Yates's ineffective assistance of counsel claim without a hearing. Point denied.

predicated on some offense other than the unlawful use of a weapon—in this case, assault—conviction and punishment in the same trial of both armed criminal action and unlawful use of a weapon for the same conduct does not violate the double jeopardy clause.

*See generally State v. Madison*, 997 S.W.2d 16, 21 (Mo. banc 1999). There being no merit to the double jeopardy arguments, counsel cannot have been ineffective for failing to raise them.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.