**Zachary E. HARP, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 27593.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 5, 2007.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Zachary E. Harp (movant) was convicted following a jury trial of manufacturing a controlled substance (Count I), § 195.211,[1] possession of a chemical with intent to create a controlled substance (Count II), § 195.420, possession of a controlled substance (Count III), § 195.202, and possession of drug paraphernalia with intent to use it to manufacture methamphetamine

(Count IV), § 195.233. He was sentenced as a persistent drug offender. § 195.275.1(2). *See State v. Harp,* 101 S.W.3d 367 (Mo.App.2003).

Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. That motion was denied following an evidentiary hearing. This court affirms.

Movant contends the motion court erred in denying his claim that he received ineffective assistance of counsel. He claims his trial counsel was ineffective in not "object[ing] to Instruction Nos. 9, 11, and 13" and failing to move to dismiss the counts that charged movant with the offenses to which those instructions were directed, Counts II, III, and IV. He contends "such convictions deprived [him] of his right to be free from double jeopardy ... in that [movant] was convicted in Count I of manufacturing methamphetamine and it was impossible to successfully manufacture methamphetamine without possessing anhydrous ammonia, possessing the paraphernalia, and ultimately resulting in the finished product of methamphetamine." He argues that had trial counsel "objected on the aforementioned basis, a reasonable probability exist[ed] that the trial court would have sustained such objections and the outcome of [movant's] trial would have been different." Movant's claims are founded on the double jeopardy protections of the U.S. and Missouri Constitutions and § 556.041, Missouri's cumulative punishment law.

Rule 29.15 sets forth the procedure for litigating claims of ineffective assistance of counsel where the [movant] has been convicted of a felony. There are two components to a claim of ineffective assistance of counsel. First, a movant

---

1. References to statutes are to RSMo 2000.

must show that counsel's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney." *State v. Hall*, 982 S.W.2d 675, 680 (Mo.banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a presumption that counsel acted professionally and that any challenged action was part of counsel's sound trial strategy. *Id.* Second, if the movant establishes that counsel's performance was not reasonably competent, then the movant must demonstrate the [sic] he or she was prejudiced by counsel's performance. *Id.* To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different. *Id.*

"This Court will uphold the findings and conclusions of the motion court unless they are clearly erroneous." Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, the appellate court has the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo.banc 2000).

*Tisius v. State*, 183 S.W.3d 207, 211–12 (Mo.banc 2006).

The motion court's findings and conclusions include:

> In considering the question of multiple or cumulative punishments, a defendant may be convicted of more than one offense based on the same conduct if the legislature intended to punish the conduct under more than one statute. [*State v.*] *Angle* [146 S.W.3d 4] at 11 [ (Mo.App.2004) ]; *State v. McTush*, 827 S.W.2d 184, 186 (Mo banc, [sic] 1992); *State v. Morrow*, 888 S.W.2d 387, 390 (Mo.App.1994).

> Punishments are not "multiple" or "cumulative" for purposes of Double Jeopardy analysis unless they are consecutive or exceed the total punishment authorized by the legislature. *State v. Owens*, 849 S.W.2d 581, 584 (Mo.App. W.D.1993); *State v. Moton*, 476 S.W.2d 785, 791 (Mo.1972); *State v. Pacchetti*, 729 S.W.2d 621 (Mo.App. S.D.1987).

The motion court found that movant did not receive consecutive sentences for the offenses for which he was convicted, or sentences that exceeded the authorized maximum for an offense. It found:

> All of the sentences imposed in the case were run concurrently to each other. Count I was an A felony with an authorized punishment of 10 to 30 years or life. Movant received a sentence of twenty years. Count II was a class C felony with an authorized punishment of one to seven years. Because he was charged and convicted as a persistent offender under Section 558.016 and 557.036 RSMo., he was subject to an extended term and received a sentence of ten years, although within the authorized maximum for the offense as charged. Count III was also a class A felony for which he was sentenced to the statutory minimum of ten years. Count IV was a class D felony with a statutory range of one to five years but Movant was charged and convicted as a prior and persistent offender and was sentenced to eight years under Sections 558.016 and 557.036 RSMo. None of these sentences was cumulative or excessive. By definition, therefore, they do not violate the multiple punishment aspect of Double Jeopardy.

The motion court also addressed movant's claim that the punishments imposed violated § 556.041(1) and (4). The statute provides, as applicable here:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

. . .

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

The motion court concluded:

Section 556.046 RSMo, in turn, is essentially a restatement of the *Blockburger* [*v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test. As explained in *State v. Villa–Perez,*

"If each of the offenses for which the defendant was convicted requires proof of an element which the othr [sic] does not, the offenses are not included offenses within the meaning of Section 556.046(1)."

*Villa–Perez,* 835 S.W.2d 897, 903–4 (Mo. banc, [sic] 1992). Using this analysis, the Courts have upheld against similar challenges, convictions of possession of pseudoephedrine with intent to create methamphetamine (Section 195.246) and attempt to manufacture methamphetamine (Section 195.211) in *State v. White* [14 S.W.3d 121, 127 (Mo.App. W.D. 2000)]; possession of pseudoephedrine with intent to manufacture (Section 195.246) and manufacture of methamphetamine (195.211) in *Salmons v. State* [16 S.W.3d 635, 638 (Mo.App. W.D. 2000)]; possession of drug paraphernalia with intent to manufacture (Section 195.235) and possession of chemical with intent to create (Section 195.420) in

*State v. Angle* [*supra*]. Further, the *Angle* court held that prosecution of two or more chemicals under Section 195.420 RSMo. did not violate the Double Jeopardy Clause since it was clearly intended by the legislature. In *State v. Brown,* 750 S.W.2d 139, 142 (Mo.App.1988)[,] the court upheld convictions for both possession of marijuana (Section 195.202) and manufacture of marijuana (195.211) against double jeopardy claims.

The motion court concluded that prosecution and conviction of the offenses of manufacturing methamphetamine, a controlled substance (Count I), possession of a chemical with intent to create a controlled substance (Count II), possession of methamphetamine, a controlled substance (Count III), and possession of drug paraphernalia with intent to manufacture methamphetamine (Count IV) did not subject movant to double jeopardy under the facts in the underlying criminal case. It found, relying on *State v. Brown, supra,* that conviction of possession of methamphetamine, Count III, did not preclude being convicted of having manufactured the methamphetamine that was possessed by movant, Count I. The motion court concluded that because possession of methamphetamine is not an element of possession of a chemical with intent to create a controlled substance, Count II, or an element of possession of drug paraphernalia with intent to use it to manufacture methamphetamine, Count IV, and because the intent to manufacture is not an element of possession of a controlled substance, Count III, movant's prosecutions for those offenses did not constitute double jeopardy.

The motion court concluded, relying on *State v. Brown, supra,* and *Salmons v. State, supra,* that the overlapping evidence in the convictions did not affect the determination that movant was not subjected to double jeopardy. It found, with respect to

the "continuing course of conduct" test established by § 556.041(4):

> The crime of manufacturing methamphetamine is committed when methamphetamine is actually extracted or produced. Until that point, it is an attempt to manufacture methamphetamine at best. "Continuing course of conduct" has been used in cases of a pattern of conduct, or inherent recurrence over a period of time, such as non-support, bigamy, operating a house of prostitution and false imprisonment. *See, State v. Morrow,* 888 S.W.2d 387 (Mo.App. 199[4] ); *Yates v. State,* 158 S.W.3d 798 (Mo.App.2005). These are not events which generally have a single moment of completion.

The motion court held that regardless of any claim of "continuing course of conduct," the legislature intended for separate and distinct punishments to apply to the various stages of activity that leads up to manufacture, including obtaining and possessing various ingredients and paraphernalia. It concluded that this legislative decision was not an unreasonable exercise of police power.

After reviewing the entire record, this court concludes that the motion court's findings and conclusions are not clearly erroneous. Missouri follows the separate or several offense rule rather than the same transaction rule. *State v. Morrow, supra,* at 390. "[M]ultiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *State v. Foster,* 838 S.W.2d 60, 66–67 (Mo.App.1992), *cert. denied,* 507 U.S. 994, 113 S.Ct. 1607, 123 L.Ed.2d 169 (1993). A motion to dismiss Counts II, III, and IV at movant's trial and objections to jury instructions directed to those charges, for the reasons given by the motion court, would have been of no consequence. Trial counsel is not ineffective for failing to do a meaningless act. *White v. State,* 939 S.W.2d 887, 898 (Mo.banc), *cert. denied,* 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). Movant's point on appeal is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.