

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| MALCOLM COUCH, | ) | No. ED108008 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable David L. Vincent III |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: October 27, 2020 |

### Introduction

Malcolm Couch ("Movant") appeals the denial of his Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing. Movant pled guilty to six counts of unlawful merchandising practices in violation of section 407.020.[2] He was sentenced as a prior and persistent offender to consecutive terms of three years' imprisonment in the Missouri Department of Corrections ("DOC") on the first five counts and a concurrent term of three years' imprisonment in the DOC on the remaining count for a total of fifteen years in the DOC. This sentence was to run concurrent with a sentence Movant was serving in federal prison at the time of his plea.

---

[1] All rule citations are to the Missouri Supreme Court Rules (2018), which was the version of the rules in effect at the time Movant's *pro se* motion for post-conviction relief was filed on May 7, 2018, unless otherwise indicated.

[2] All statutory references are to RSMo (2012), which was the version of the statute in effect at the time the charged crime was committed, unless otherwise indicated.

Movant timely filed a Rule 24.035 motion, alleging six claims, which the motion court denied after an evidentiary hearing.

Movant raises four points on appeal, contending the motion court clearly erred by denying the claims in his Rule 24.035 motion. In his first point, Movant argues one of the State's charges violated double jeopardy because he was subjected to multiple punishments for the same acts. In his second point, Movant argues plea counsel was ineffective for failing to advise him one of the State's charges violated double jeopardy and litigate the double jeopardy defense. In his third point, Movant argues plea counsel was ineffective for inducing him to plead guilty with promises plea counsel would advocate for a lesser sentence during sentencing. In his final point, Movant argues plea counsel was ineffective for failing to advocate for a lesser sentence during sentencing. Finding no clear error by the motion court, we affirm.

## Factual and Procedural Background

On August 5, 2015, Movant was charged by grand jury indictment with six counts of unlawful merchandising practices in violation of section 407.020.[3] The indictment alleged that, between November 1, 2012, and April 11, 2014, and in connection with the sale of real estate, Movant made false promises to Jacob Lindsey (Count 2), Latresa Parker (Count 4), Marcus Guthrie (Count 6), Sean Alvey (Count 8), and Quianna Wooten (Count 10). The indictment also alleged that, between November 1, 2012, and April 11, 2014, and in connection with the sale of real estate, Movant omitted, concealed, and suppressed the material fact he was subject to a permanent injunction prohibiting him from directly or indirectly advertising, offering to rent, and renting any residential dwellings in the State of Missouri to potential real estate buyers and renters

---

[3] Movant was also charged with five counts of felony stealing in violation of section 570.030. The State entered a *nolle prosequi* on and dismissed these counts at the plea hearing.

2

(Count 11). The indictment alleged Movant was a prior and persistent offender, as he had three prior state convictions for felony stealing.

On October 28, 2015, an attorney from the trial division of the Office of the Public Defender ("initial counsel") entered her appearance as Movant's counsel. In September or October 2017, initial counsel was reassigned to the appellate division of the Office of the Public Defender and withdrew from her representation of Movant. On October 11, 2017, three private attorneys entered their appearance as Movant's counsel. A few weeks later, they withdrew from their representation of Movant due to a conflict of interest. On November 9, 2017, plea counsel entered his appearance as Movant's counsel.

On January 19, 2018, the plea court held a hearing at which Movant entered guilty pleas to six counts of unlawful merchandising practices in violation of section 407.020. Plea counsel noted Movant's pleas were open and "not pursuant to any plea negotiations with the State." The plea court asked Movant several questions to ensure he understood what it meant to enter guilty pleas. Movant told the plea court he understood everything at his plea hearing. When the plea court asked how his health was, Movant responded, "It's not good." The plea court stated, "I'm sure your attorney will give me some information regarding that at sentencing."

The plea court noted the range of punishment for the unlawful merchandising practices charges was one day to four years in the DOC and up to a $5,000 fine, or some combination of fine and incarceration. The plea court noted that, because Movant was charged as a prior and persistent offender, each charge of unlawful merchandising practices could be enhanced up to seven years, with the total maximum range of punishment equaling forty-two years' imprisonment in the DOC. The plea court informed Movant it would decide sentencing, and Movant said he understood. Movant told the plea court he understood "anything from one day to 11 years [was]

3

potentially possible, and theoretically, even 42 years [was] possible." He told the plea court he understood he could not withdraw his guilty plea even if the plea court sentenced him to the maximum.

Movant told the plea court he discussed the trial strategy of his case—including the elements of the charged offenses, his right to a jury trial, the motions plea counsel may file on his behalf, the witnesses plea counsel may call on his behalf, and the likelihood of conviction if he proceeded to a trial—with plea counsel. Movant said he had enough time to speak with plea counsel about his case and he needed no more time to speak with plea counsel. Movant stated no one threatened him or made him any promises that caused him to plead guilty against his will. Movant told the plea court it was his decision alone to plead guilty to the charged crimes. Movant told the plea court he understood he was waiving certain rights by pleading guilty, including the right to a trial by jury, the right to confront the witnesses against him, the right to present evidence in his defense, the right to testify, and the right to appeal the result of a jury trial. Movant told the plea court he wished to give up these rights and plead guilty.

The State recited the factual basis for the charges against Movant. Movant agreed those facts were substantially correct and he was guilty of the crimes charged, except as to Count 2. Movant stated he wished to enter an *Alford* plea on Count 2 and guilty pleas on the remaining five counts.[4] The plea court found Movant was a prior and persistent offender because he had three prior state convictions for felony stealing. The plea court accepted Movant's *Alford* plea and guilty pleas, finding they were made "knowingly and voluntarily."

---

[4] "An *Alford* plea enables a defendant to plead guilty to the charged crime and accept the criminal penalty even if he is unwilling or unable to admit he committed the acts constituting the crime." *Moore v. State*, 207 S.W.3d 725, 728 n.2 (Mo. App. S.D. 2006) (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91, S.Ct. 160, 27 L.E.2d 162 (1970)). "In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently than a guilty plea." *Id.* at 729.

4

The plea court held Movant's sentencing hearing on March 2, 2018. The State recommended Movant be sentenced to three years' imprisonment in the DOC on the first five counts of unlawful merchandising practices and a concurrent term of three years' imprisonment in the DOC on the remaining count for a total of fifteen years in the DOC. The State recommended its proposed sentence run concurrent with a sentence Movant was serving in federal prison at the time of his plea. Plea counsel suggested no changes, additions, or deletions to the sentencing assessment report, made no sentencing requests, and presented no evidence of Movant's medical condition on the record at Movant's sentencing hearing. The plea court sentenced Movant according to the State's recommendation.

The plea court then inquired about the assistance of counsel Movant received. Movant acknowledged he was represented by initial counsel and private counsel before he was represented by plea counsel. Movant told the plea court that plea counsel resolved all his concerns about his prior attorneys. When asked whether all his attorneys did everything he wanted them to, Movant answered, "Not specifically." Movant told the plea court he felt uncomfortable answering whether any threats or promises to plead guilty were communicated to him. The plea court instructed Movant to state his concerns in his motion for post-conviction relief. Movant told the plea court he understood. The plea court found there was no probable cause to believe Movant received ineffective assistance of counsel.

Movant timely filed his *pro se* Rule 24.035 post-conviction relief motion on May 7, 2018. The motion court appointed the Office of the Public Defender to represent Movant on July 24, 2018. On September 4, 2018, post-conviction counsel entered his appearance and requested a

5

thirty-day extension to file an amended motion, which the motion court granted.[5] On November 29, 2018, post-conviction counsel timely filed an amended motion and request for an evidentiary hearing. In his amended motion, Movant alleged: (1) Count 11 of the indictment violated his right against double jeopardy; (2) plea counsel failed to advise him Count 11 of the indictment violated double jeopardy and litigate the double jeopardy defense; (3) plea counsel induced him to plead guilty by promising to advocate for him during sentencing; and (4) plea counsel failed to request a two-to-four-year sentence and present evidence of his medical condition during sentencing.[6]

The motion court held an evidentiary hearing on March 1, 2019. At the evidentiary hearing, Movant asked the motion court to take judicial notice of the underlying criminal case file and the appellate filings and transcripts. The motion court heard testimony from plea counsel and Movant.[7] The State submitted no evidence at the hearing, other than the cross-examination of witnesses. After taking the case under submission, the motion court entered its findings of fact, conclusions of law, and judgment concluding Movant was not denied effective assistance of counsel. The motion court found Movant's claims that one of the State's charges violated double jeopardy and plea counsel was ineffective for failing to litigate the double jeopardy issue meritless because "[M]ovant was not prosecuted for a single act on multiple objects or against multiple victims, but rather was prosecuted for separate and discrete acts."

---

[5] On October 24, 2018, the motion granted post-conviction counsel leave to withdraw as attorney for Movant. That same day, new post-conviction counsel entered her appearance for Movant and requested an additional thirty-day extension to file an amended motion. The motion court granted her request under Rule 24.035(g), which provides a court may grant extensions of time in which to file an amended motion, so long as all extensions do not exceed sixty days.

[6] Movant's amended motion also alleged plea counsel failed to advise him about a lack of intent to defraud defense and uncooperative State witnesses. The motion court denied these claims, and Movant does not appeal the motion court's denials.

[7] The motion court also heard testimony from initial counsel, who represented Movant from October 2015 until September or October 2017, and one of the three private attorneys that represented Movant for a few weeks in October 2017.

6

The motion court also rejected Movant's claim that plea counsel induced him to plead guilty by promising plea counsel would advocate for a lesser sentence during sentencing. The motion court found the only evidence Movant presented on this claim was his "self-serving testimony," which it deemed "not credible." The motion court similarly rejected Movant's claim that plea counsel failed to advocate for a lesser sentence during sentencing by introducing mitigating evidence. The motion court found "additional advocacy by [P]lea [C]ounsel would not have affected [Movant's] ultimate sentence," as the plea court was aware Movant had "significant mental and medical issues from the sentencing assessment report" and "d[id] not f[ind M]ovant's medical issues to be particularly mitigating." The motion court further found "[P]lea [C]ounsel had a reasonable trial strategy in not attempting to argue mitigating factors that could have further emphasized that [M]ovant was not taking responsibility for his crimes."

This appeal follows.

**Standard of Review**

Appellate review of the denial of a Rule 24.035 motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." Rule 24.035(k). "The motion court's findings are presumed correct." *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005) (citing *Black v. State*, 151 S.W.3d 49, 54 (Mo. banc 2004)). Clear error will be found only if "we are left with a 'definite and firm impression' that the motion court made a mistake." *McGuire v. State*, 523 S.W.3d 556, 563 (Mo. App. E.D. 2017) (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)).

**Discussion**

Point I: Alleged Violation of Double Jeopardy

In his first point, Movant argues the motion court clearly erred by denying his claim one of the State's charges violated double jeopardy because he was subjected to multiple punishments for the same acts. He contends "Count 11 involved the same victims and acts as charged in Counts 4, 6, and 10 and therefore violated [his] right against double jeopardy." Movant also argues the acts charged in Counts 4, 6, 10, and 11 constituted a "continuous course of conduct for which the legislature did not intend to authorize multiple units of prosecution."

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, 'prevents a criminal defendant from being subjected to multiple punishments for the same offense.'" *State v. Harris*, 243 S.W.3d 508, 511 (Mo. App. W.D. 2008) (quoting *State v. Dravenstott*, 138 S.W.3d 186, 190 (Mo. App. W.D. 2004)). "Double jeopardy is a question of law that we review *de novo*." *Yates v. State*, 158 S.W.3d 798, 801 (Mo. App. E.D. 2005) (citing *State v. Schumacher*, 85 S.W.3d 759, 761 (Mo. App. W.D. 2002)). "When reviewing a double jeopardy claim after a guilty plea, we consider the transcript from the guilty plea and the information or indictment." *Id.* (citing *Peiffer v. State*, 88 S.W.3d 439, 441 (Mo. banc 2002)).

The indictment charged Movant with six counts of unlawful merchandising practices under section 407.020. Five of the six counts (Counts 2, 4, 6, 8, and 10) alleged Movant made false promises in connection with the sale of real estate to five victims. The remaining count (Count 11) alleged Movant concealed, suppressed, or omitted a material fact in connection with the sale of real estate. The transcript from Movant's guilty plea revealed the factual basis for Count 11 was Movant concealed, suppressed, and omitted a material fact in connection with offering to rent

8

to Latresa Parker, Marcus Guthrie, and Quianna Wooten, the victims named in Counts 4, 6, and 10 of the indictment.

Section 407.020.3 provides "[a]ny person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony." § 407.020.3. Section 407.020.1 declares these acts unlawful: "[t]he act, use or employment by any person of any deception, fraud, false pretense, *false promise*, misrepresentation, unfair practice or the *concealment, suppression, or omission of any material fact* in connection with the sale or advertisement of any merchandise in trade or commerce." §407.020.1 (emphasis added).

Movant argues the fact he was convicted under section 407.020.3 of two "unlawful" acts, as defined by section 407.020.1, violates double jeopardy. Movant's argument is without merit. "The double jeopardy clause prohibits multiple punishments for the same offense." *Yates*, 158 S.W.3d at 801 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.E.2d 656 (1969)). To determine whether there are two offenses or only one, we apply the *Blockburger* test, which asks "whether each provision requires proof of an additional fact which the other does not." *Id.* at 802 (alteration omitted) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). "It is not a double jeopardy violation . . . to convict and punish a defendant in a single trial of several offenses arising from the same set of facts if he has 'in law and in fact committed separate crimes.'" *Id.* at 801.

The Missouri Code of State Regulations defines "false promise" and "concealment, suppression, and omission of a material fact" as used in Chapter 407. A "false promise" is "any statement or representation which is false or misleading as to the maker's intention or ability to perform a promise, or likelihood the promise will be performed." MO. CODE REGS. ANN. tit. 15,

9

§ 60.9.060 (1994). "Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers." *Id.* § 60.9-110. "Suppression of a material fact is any method, act, use or practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated." *Id.* "Omission of a material fact is any failure by a person to disclose material facts known to him/her or upon reasonable inquiry would be known to him/her." *Id.*

The unlawful act of making a false promise requires proof Movant made a statement or representation that was false or misleading. The unlawful act of concealing, suppressing, or omitting a material fact requires proof Movant hid, curtailed, or failed to disclose a material fact. Under the *Blockburger* test, each of these offenses has a different element than the other. Thus, making false promises and concealing, suppressing, or omitting a material fact constitute separate offenses.

Movant cites section 556.041 to argue the acts of making a false promise and concealing, suppressing, or omitting a material fact constituted a "continuous course of conduct for which the legislature did not intend to authorize multiple units of prosecution." However, Movant's reliance on section 556.041 is misplaced.

Section 556.041(4) provides:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . [t]he offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

As explained, making false promises and concealing, suppressing, or omitting a material fact do not constitute the "same conduct." Nor are these offenses "defined as . . . continuing course[s] of conduct." Movant cites no authority that indicates either offense is so defined. Thus, section

10

556.041(4) does not prohibit Movant's convictions for making false promises and concealing, suppressing, or omitting material facts under section 407.020.

The motion court did not clearly err by denying Movant's claim that one of the State's charges violated double jeopardy.

Point I is denied.

Points II-IV: Ineffective Assistance of Counsel

Movant's remaining three points on appeal argue the motion court clearly erred by denying his claims plea counsel rendered him ineffective assistance of counsel.

"[T]o prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby." *Ventimiglia v. State*, 468 S.W.3d 455, 462 (Mo. App. E.D. 2015). However, "[w]hen a claim of ineffective assistance of counsel follows a guilty plea, the claim of ineffective assistance is 'immaterial except to the extent it impinges on the voluntariness and knowledge with which a movant pled guilty.'" *Id.* (alterations omitted) (quoting *Cain v. State*, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993)). If an examination of the guilty plea proceedings directly refute a movant's claim that his plea was involuntary, no ineffective assistance of counsel will be found. *Id.*

*Point II: Plea Counsel's Alleged Failure to Advise About Double Jeopardy*

In his second point, Movant argues the motion court clearly erred by denying his claim plea counsel was ineffective for failing to advise him Count 11 violated double jeopardy and litigate the double jeopardy defense. As explained in Point I, Movant's convictions do not violate double jeopardy. "[C]ounsel's failure to make meritless objections does not render a plea

11

involuntary." *Mullins v. State*, 262 S.W.3d 682, 685 (citing *Salmons v. State*, 16 S.W.3d 635, 638 (Mo. App. W.D. 2000)). "If there is no double jeopardy violation, a claim that counsel was ineffective for failure to object on double jeopardy grounds is moot." *Id.* (citing *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992)).

The motion court did not clearly err by denying Movant's claim that plea counsel was ineffective for failing to advise him Count 11 violated double jeopardy and litigate the double jeopardy defense.

Point II is denied.

*Point III: Plea Counsel's Alleged Inducement of Movant to Plead Guilty*

In his third point, Movant argues the motion court clearly erred by denying his claim plea counsel was ineffective for inducing him to enter open guilty pleas with promises plea counsel would request a two-to-four-year sentence and present evidence of his medical condition during sentencing. Movant contends, but for plea counsel's promises, he would not have entered open guilty pleas. Movant argues plea counsel's promises rendered his guilty pleas involuntary.

The motion court did not clearly err. Here, the plea and sentencing hearing transcripts directly refute Movant's assertion his guilty pleas were involuntary. *See Ventimiglia*, 468 S.W.3d at 462. Movant's responses to the plea court's inquiries demonstrate his open guilty pleas were made voluntarily and with a full understanding of their consequences. Movant assured the plea court he understood what it meant to enter guilty pleas. He stated he understood the ranges of punishment he faced. He stated he understood the plea court had full discretion to decide his sentencing. He stated he understood the plea court could sentence him up to forty-two years in prison. He stated he understood he could not withdraw his guilty pleas even if the plea court sentenced him to the maximum.

12

Movant assured the plea court he discussed the trial strategy of his case—including the elements of the charged offenses, his right to a jury trial, the motions plea counsel may file on his behalf, the witnesses plea counsel may call on his behalf, and the likelihood of conviction if he proceeded to a trial—with plea counsel. Movant confirmed he had enough time to speak with plea counsel about his case and needed no more time to speak with plea counsel. Additionally, Movant stated no threats or promises had been made to induce him to plead guilty against his will. Movant also confirmed at the plea hearing he understood his constitutional rights, including the right to a trial, and understood he was waiving those rights by pleading guilty. Movant told the plea court it was his decision alone to plead guilty to the charged crimes. Movant admitted he was guilty of the crimes charged, except as to Count II, and stated he wished to enter an *Alford* plea on Count II and guilty pleas on the remaining five counts. Movant's responses to the plea court during his plea and sentencing proceedings show he entered his *Alford* plea and guilty pleas knowingly and voluntarily. *See id.*

At his sentencing hearing, Movant stated he was "not specifically" satisfied with plea counsel's representation and he felt uncomfortable answering whether any threats or promises to plead guilty were communicated to him. He understood he could explain whether any threats or promises to plead guilty were communicated to him in his Rule 24.035 motion. At his evidentiary hearing, Movant testified plea counsel promised he would request a two-to-four-year sentence and present evidence of Movant's medical condition during sentencing, which induced him to plead guilty. However, the motion court denied Movant's claim because it found the only evidence Movant presented plea counsel induced him to plead guilty with promises was his "self-serving testimony," which it deemed "not credible." It is the motion court's prerogative to determine the credibility of witnesses at a post-conviction relief evidentiary hearing, "as the motion court has a

13

'superior opportunity to judge the credibility of . . . witnesses." *Tate v. State*, 461 S.W.3d 15, 24 (Mo. App. E.D. 2015) (quoting *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991)). The motion court "is free to believe or disbelieve the testimony of any witness, including the movant." *Id.* We see no reason to disturb the motion court's finding that Movant's testimony was not credible.

The motion court did not clearly err by denying Movant's claim plea counsel was ineffective for inducing him to enter open guilty pleas.

Point III is denied.

*Point IV: Plea Counsel's Alleged Failure to Advocate for Movant During Sentencing*

In his final point, Movant argues the motion court clearly erred by denying his claim plea counsel was ineffective for failing to advocate for a lesser sentence during sentencing. Specifically, Movant argues plea counsel failed to request a two-to-four-year sentence and present evidence regarding Movant's medical history during sentencing. He argues, had he known plea counsel would not request a lesser sentence and present evidence regarding his medical history during sentencing, he would not have entered open guilty pleas. He argues plea counsel's failures rendered his guilty pleas involuntary.

The motion court did not clearly err. As stated in Point III, we find Movant's guilty pleas were entered voluntarily and with a full understanding of the consequences.

Further, at the evidentiary hearing, plea counsel testified he presented Movant's medical records and federal pre-sentence investigation report and argued a lesser sentence should be imposed in the judge's chambers before sentencing. Plea counsel testified he knew the plea court planned to impose a fifteen-year sentence after the in-chambers discussion, so he made no further arguments on the record at Movant's sentencing. The motion court found plea counsel's testimony

credible and it was reasonable trial strategy for plea counsel to not offer argument on these matters during sentencing. Although Movant testified to the contrary, the motion court found Movant's testimony "not credible." The motion court was free to believe plea counsel's testimony and disbelieve Movant's testimony. *See Tate*, 461 S.W.3d at 24. We see no reason to disturb the motion court's finding that Movant's testimony was not credible.

The motion court did not clearly err by denying Movant's claim that plea counsel was ineffective for failing to advocate for a lesser sentence during sentencing.

Point IV is denied.

## Conclusion

The motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

15