**STATE of Missouri, Respondent,**

**v.**

**Darrell HARRIS, Appellant.**

**No. WD 63493.**

Missouri Court of Appeals, Western District.

Jan. 11, 2005.

---

Rosemary E. Percival, Kansas City, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Appellant, Darrell L. Harris, was charged by second amended information with one count of trafficking drugs (specifically, 90 grams or more of methamphetamine) in the second degree (§ 195.223,[1] Count I); one count of possession of a controlled substance (namely, marijuana weighing more than 5 grams) with intent to distribute (§ 195.211, Count II); and one count of possession of a controlled substance (in particular, a mixture or substance containing cocaine salts) with intent to distribute (§ 195.211, Count III). Appellant waived his right to trial by jury, and was found guilty as charged by the Circuit Court of Platte County after a bench trial which commenced on January 27, 2003. On May 15, 2003, the circuit court sentenced Appellant, as a prior and persistent drug offender, to consecutive terms of imprisonment of fifteen years on Count I, fifteen years on Count II, and twelve years on Count III, all in the custody of the Missouri Department of Corrections. Appellant appeals his conviction on Count III, alleging that it violates his federal constitutional right to be free from double jeopardy. We affirm.

The sufficiency of the evidence to support Appellant's convictions is not at issue in this appeal. For this reason and in light of the nature of the issue raised in his sole point relied on, we need not recite the evidence, which we view in the light most favorable to the circuit court's judgments of conviction, in exhaustive detail. At about 2:30 p.m. on October 31, 2001, Appellant was driving a pickup truck north on Interstate 435 in Platte County near where that highway crosses over State Highway 152. The truck, whose sole occupant was Appellant, left the northbound lanes of I–435, crossed over onto the median, was launched into the air when it ran over a bump that acted like a ramp, landed in the westbound lane of Highway 152, and then veered off that road, where it finally came to rest.

---

1. Unless otherwise noted, all statutory references are to RSMo 2000.

After Appellant got out of the truck, he reached back into it and removed a blue duffel bag. Although his face was bloody due to the crash, Appellant crawled up a concrete embankment carrying the duffel bag, crossed over the northbound lanes of I–435, and hid the duffel bag in some bushes alongside the roadway. Appellant then returned to his truck. When fire department and law enforcement personnel arrived on the scene, Appellant refused medical treatment. After fire department and law enforcement personnel heard various witnesses' statements about Appellant's unusual conduct concerning the blue duffel bag, they began looking for, found, and seized the bag where Appellant had hidden it.

The blue duffel bag contained the following: a bag containing 391.53 grams of marijuana, a bag containing smaller baggies that contained a total of 193.82 grams of methamphetamine in one-ounce or one-eighth ounce quantities, two other baggies containing powdered methamphetamine, a baggie containing 24.79 grams of cocaine salts, a leather bag containing 35 individually wrapped hypodermic needles, baggies containing residue, an open box of sandwich bags, two digital scales with a maximum capacity of 150 grams, and a bottle containing Viagra pills. An expert in the illicit drug trade testified that the quantity and variety of drugs and the way they were packaged; the type, capacity, and number of the scales; and the packaging materials found in the duffel bag were all consistent with an intent to distribute or traffic the drugs, and were all inconsistent with possession of the drugs merely for personal use.

At the close of the State's evidence, defense counsel moved for dismissal of "at least two of the [three] counts" against Appellant on double jeopardy grounds, but the trial court overruled the motion. Appellant then took the stand on his own behalf. He admitted that the blue duffel bag and everything found in it was his, but claimed that all of the drugs were only for his personal use and denied having any intention to sell or distribute them. At the close of the evidence, the circuit court found Appellant guilty as charged on all three counts. He was later sentenced on all three convictions, and this appeal followed after we granted leave for Appellant to file his notice of appeal out of time under Rule 30.03.

In his sole point relied on, Appellant argues that the trial court erred in convicting and sentencing him on both Counts II and III because this violated his federal constitutional right to be free from double jeopardy in that the statute underlying those counts, § 195.211, does not authorize multiple punishments for the act of possessing different controlled substances with the intent to distribute them. We disagree, as § 195.211 clearly expresses the General Assembly's intent to authorize separate convictions and punishments for each and every distinct controlled substance possessed by a defendant with the intent to distribute that controlled substance.

■■■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb."[2]

---

**2.** This protection is made applicable to state governments by virtue of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). In contrast, Article I, Section 19 of the Missouri Constitution provides that no person shall "be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury." Since

Whether a criminal defendant's right to be free from double jeopardy has been violated is a question of law, which is reviewed *de novo*. *State v. Schumacher*, 85 S.W.3d 759, 761 (Mo.App. W.D.2002). "The clause contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense." *State v. Flenoy*, 968 S.W.2d 141, 143 (Mo. banc 1998). However, "[t]he protection applies only to multiple punishments or prosecutions for the 'same offence.' Multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *Id.* That is to say, the Double Jeopardy Clause does not " 'protect a defendant from punishment for more than one offense arising from the same set of facts if one has in law and fact committed separate crimes.' " *State v. Mullins*, 140 S.W.3d 64, 68–69 (Mo.App. W.D.2004) (quoting *State v. Murphy*, 989 S.W.2d 637, 639 (Mo.App. E.D.1999)).

▮ Since whether a particular course of conduct by a defendant involves one or more distinct offenses under a given criminal statute depends on the legislature's intent as expressed by "the definition of the offense and its allowable unit of prosecution," *State v. Nichols*, 865 S.W.2d 435, 437 (Mo.App. E.D.1993), we must first ex-amine the statute under which Appellant was convicted. *Mullins*, 140 S.W.3d at 69.

Section 195.211, the statutory basis for Counts II and III, provides:

1. Except as authorized by sections 195.005 to 195.425 and except as provided in section 195.222, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture, or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.[3]

2. Any person who violates or attempts to violate this section with respect to any controlled substance except five grams or less of marijuana is guilty of a class B felony.

3. Any person who violates this section with respect to distributing or delivering not more than five grams of marijuana is guilty of a class C felony.

▮ Section 195.211.1 contains the substantive language defining the offense. As applicable here, it provides: "[I]t is unlawful for any person ... to possess with intent to distribute ... a controlled substance." The State argues that in using the word "a" in the phrase "a controlled substance," the legislature denoted the allowable unit of prosecution for § 195.211 and plainly expressed its intent to author-

---

Appellant was never acquitted by a jury, the Double Jeopardy Clause of the Missouri Constitution does not apply to his case. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). Nevertheless, Appellant's protection from double jeopardy under Missouri law is coextensive with that afforded by the Fifth Amendment. As pointed out in *State v. Richardson*, 460 S.W.2d 537, 538 (Mo. banc 1970), *abrogated on other grounds by McTush*, 827 S.W.2d at 188–89, Missouri enforces the common law rule that no person shall, for the same offense, be twice put in jeopardy: "We find no readily discernible difference between the Fifth Amendment guarantee against dou-ble jeopardy and the common law guarantee as applied in this state."

**3.** Section 195.010(5) defines the phrase "controlled substance" as used in §§ 195.005 to 195.425 as "a drug, substance, or immediate precursor in Schedules I through V listed in sections 195.005 to 195.425." Marijuana is listed in Schedule I (*see* § 195.017.2(4)(s)), and cocaine salts are listed in Schedule II (*see* § 195.017.4(1)(d)). Thus marijuana and cocaine salts are both "a controlled substance" as that phrase is used in § 195.211.

ize separate prosecutions (and cumulative punishments) for the possession, with intent to distribute, of each of the various controlled substances listed in Schedules I though V. We agree.

The word "a" is defined in Black's Law Dictionary as a word "placed before nouns of the *singular* number, denoting an individual object or quality individualized." *Black's Law Dictionary* 1 (6th ed.1990) (emphasis added). It is also defined as "one." *Webster's Third New International Dictionary* 1 (3d ed.1976). The plain and ordinary meaning of the word "a" is the singular "one."

*Nichols*, 865 S.W.2d at 437. Accordingly, a criminal statute "which prefaces the object of the offense with the word 'a' unambiguously authorizes singular units of prosecution." *United States v. Freisinger*, 937 F.2d 383, 390 (8th Cir.1991). For this reason, Missouri courts interpreting various criminal statutes using the word "a" to specify the allowable unit of prosecution have uniformly held that there was no double jeopardy violation when the defendant was prosecuted and punished for multiple violations of the same statute. *See, e.g., Mullins*, 140 S.W.3d at 69 (collecting cases).

In his brief, Appellant chooses not to address the State's argument. Instead, he focuses on § 195.211.2, which uses the word "any" in the phrase "any controlled substance." Relying on *State v. Baker*, 850 S.W.2d 944, 947–48 (Mo.App. E.D. 1993), and several federal cases for the proposition that because it contemplates the plural rather than specifying the singular, the word "any" has generally been held to be ambiguous in connection with the allowable unit of prosecution for criminal statutes, Appellant argues that § 195.211 is ambiguous and must be construed in his favor under the rule of lenity. If § 195.211.2 contained the substantive language defining the offenses for which Appellant was prosecuted and punished,

we might agree with him. However, as noted *supra*, it does not. Rather, as observed by the State, § 195.211.2 merely provides that any person who commits or attempts to commit the offense defined in § 195.211.1 is guilty of a class B felony unless the particular controlled substance involved is five grams or less of marijuana.

■ As we have just observed, the General Assembly used "a" when specifying the allowable unit of prosecution but used "any" in a different part of § 195.211. This is significant, because "'the general rules of statutory construction require that meaning be given to each word used in a legislative enactment, insofar as possible, and one word of a statute should not be considered a needless repetition of another.'" *Lora v. Dir. of Revenue*, 618 S.W.2d 630, 633 (Mo.1981) (quoting *State ex rel. Thompson–Stearns–Roger v. Schaffner*, 489 S.W.2d 207, 215 (Mo.1973)); *see also Baker*, 850 S.W.2d at 948 n. 2. In particular, it has been held that when they appear in the same criminal statute, the words "'[a]ny' and 'a' are not synonymous. 'Any' includes 'all' and 'a' is limited to 'one.'" *Harward v. Commonwealth*, 229 Va. 363, 330 S.E.2d 89, 91 (1985).

■ For these reasons, we hold that the General Assembly intended to make the possession, with intent to distribute, of any one of the different controlled substances listed in Schedules I though V a separate and distinct offense under § 195.211. Thus, Appellant's federal constitutional and state common law rights to be free from double jeopardy were not abridged when the trial court convicted and sentenced him on both Counts II and III. Point denied.

The judgment is affirmed.

All concur.