

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00188-CR

TONI DOMINICA ESTRADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 62,723-E, Honorable Douglas Woodburn, Presiding

May 2, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant, Toni Dominica Estrada, of possession with intent to deliver a controlled substance and assessed punishment at twenty-five years in prison.[1] Through three issues, appellant argues the evidence was insufficient, the trial court

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010). An offense under this section is a first-degree felony. Based on appellant's prior felony conviction for possession of a controlled substance with intent to deliver, the punishment range was enhanced to imprisonment for life or any term not more than 99 years or less than 15 years. TEX. PENAL CODE ANN. § 12.42(c)(1)(West Supp. 2013).

commented on the weight of the evidence, and trial counsel rendered ineffective assistance. We will affirm.

## Background

Evidence at trial showed appellant leased an apartment in Amarillo. The terms of her lease agreement identified Destiny Urias was an "occupant" of the premises. On November 19, 2010, sheriff's deputies executed a search warrant and searched the one-bedroom apartment. The deputies found appellant and Urias underneath the covers in bed in the bedroom. In the bathroom, deputies found a pill bottle bearing the name of a third person. The kitchen trash container held several baggies with a corner cut away. According to a deputy, these were "remnants of narcotics dealing." That is, repackaging drugs "for street sales." A search of appellant's purse produced a wallet containing $384 in cash.

On a bedroom computer table, deputies located an Apple iPhone. Appellant acknowledged ownership of the phone. Officers ran a narcotics sniffing dog through the apartment. It alerted on a safe in the bedroom closet. On further review of appellant's iPhone, a deputy noticed a number saved to contacts which appeared out of the ordinary. Entering this number as the combination, deputies were able to open the safe. Among its contents, they found a blue bag holding a black box. Inside the box were three baggies containing a crystal substance they believed was methamphetamine. A Texas Department of Public Safety analyst testified the crystal substance weighed 7.70 grams and contained methamphetamine. She believed this

quantity of drug was sufficient for seventy-seven doses. Also found were a set of digital scales and prescription bottles containing pills.

Urias received a prison sentence after pleading guilty to the charge of possession with intent to deliver a controlled sentence. She returned from prison to testify for appellant. According to Urias, the illegal drugs were hers and she never told appellant of her use and distribution of the contraband. She agreed that she and appellant had a "romantic relationship." But appellant would not have allowed Urias to use drugs and live in the apartment. Urias said she concealed her unlawful conduct from appellant by smoking methamphetamine at the apartment door in appellant's absence or at other locations, dealing drugs from a nearby laundry, deleting evidence of her narcotics trafficking from appellant's iPhone, and disposing of plastic baggies with the corners cut before appellant returned home from work. She told buyers of her narcotics not to call or come to the apartment but to wait for her to call them.

The court's charge on guilt or innocence included an instruction on the law of parties.[2] Following conviction and sentencing as noted, appellant appealed.

Analysis

By her first issue appellant asserts the evidence was insufficient to establish her possession of a controlled substance.

---

[2] A person is criminally responsible for the offense of another, and can therefore be convicted as a party, if, acting with intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

3

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). That standard requires that we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).

A person commits an offense if she knowingly possesses with intent to deliver a controlled substance in an amount four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010). Possession means "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2013); TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2013). A person commits a possession offense only if she voluntarily possesses the prohibited item. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of her control of the thing for a sufficient time to permit her to terminate her control. TEX. PENAL CODE ANN. § 6.01(b) (West 2011). Control may be exercised jointly by more than one person. *Cude v. State,* 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); *Taylor v. State,* 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances. *See Evans v. State,* 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Poindexter v. State,* 153 S.W.3d

4

402, 406 (Tex. Crim. App. 2005). Whether the State's evidence is direct or circumstantial, its evidence of links must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Poindexter,* 153 S.W.3d at 405-06 (citing *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)); *Park v. State,* 8 S.W.3d 351, 353 (Tex. App.—Amarillo 1999, no pet.).

The many factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans,* 202 S.W.3d at 162 n.12. *See Triplett v. State,* 292 S.W.3d 205, 208 (Tex. App.—Amarillo 2009, pet. refused) (listing numerous factors). These factors, however, are simply that: factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." *See Evans,* 202 S.W.3d at 162 n.12 (explaining that factors

5

"are not a litmus test"). It is not the number of links that is dispositive, but rather the logical force of all the evidence. *See id.* at 162.

Here, law enforcement obtained a warrant to search the small apartment appellant shared with Urias. On execution of the warrant, deputies found these two individuals in the residence's single bedroom, in its only bed. A nearby closet contained a safe on which a narcotics sniffing dog alerted. In the bedroom was appellant's iPhone containing the safe's combination. The safe contained enough methamphetamine for some seventy-seven doses. In the bathroom were pills prescribed to a third party. The kitchen trash receptacle held plastic bags altered for use in the sale of narcotics. Appellant's wallet contained some $384. Urias testified the drugs were hers and she kept from appellant her use and trafficking in narcotics. But the jury as fact finder was entitled to judge the credibility of the witnesses and could choose to believe all, some, or none of the testimony the parties presented. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Williams v. State,* 290 S.W.3d 407, 412 (Tex. App.—Amarillo 2009, no pet.).

Viewing all of the evidence under the required standard, we conclude the jury was free to make rational inferences from the evidence and to conclude appellant knowingly possessed the methamphetamine. We overrule her first issue.

In her second issue appellant argues, "The trial court's failure to correct a police officer's misstatement of the law constituted a comment on the weight of the evidence to be given this officer's testimony and was not cured by a proper jury instruction." The

complaint is based on the following exchange occurring during the testimony of a deputy.

> Q. Now, based on your training and experience and just doing your job, is there a distinction to be drawn between ownership and, say, possession?
> ***
> [Defense Counsel]: I think he's asking the [witness] for a legal conclusion.
>
> The Court: Overruled.
>
> A. I could be the owner of a car and you drive it; you're in possession of it. Okay? When it comes to a resident of a home, a search warrant is conducted, and the two suspects that are on the search warrant are there and they both reside at that residence, they're in possession. It's in their residence and then they also are going to be considered the owners of those items.

Article 38.05 of the Code of Criminal Procedure provides, "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). It is an improper comment on the weight of the evidence for a trial court to make a statement implying approval of the State's argument, indicating disbelief in the position of the defendant, or diminishing the credibility of the defendant's approach to the case. *Simon v. State,* 203 S.W.3d 581, 590 (Tex. App.— Houston [14th Dist.] 2006, no pet.). Rather, when ruling on the admissibility of evidence, the trial court should abstain from stating anything more than the simple announcement of its ruling. *Id.* (citing *Wilson v. State,* 17 Tex. Ct. App. 525, 1885 Tex. Crim. App. Lexis 24, at *23 (Tex. Ct. App. 1885)).

Here, in ruling on appellant's objection the trial judge did exactly as required. He simply announced his decision and made no comment on the weight of the evidence. Appellant's second issue is overruled.

In her third issue, appellant contends her trial counsel's conduct of her defense was ineffective. The argument seems to be that through the admission of the search warrant and appellant's lease agreement, the jury was made aware of extraneous offenses and prior bad conduct involving appellant.

The adequacy of defense counsel's assistance is based on the totality of the representation rather than isolated acts or omissions. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is judged by hindsight. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

The effectiveness of counsel's representation is measured by the two-pronged test enunciated in *Strickland v. Washington.* 466 U.S. 668, 687 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard in Texas). The first prong of the *Strickland* test requires appellant prove counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 689-90. If deficient assistance is established, the second *Strickland* prong requires appellant

affirmatively demonstrate prejudice; that is, a reasonable probability that, but for counsel's unprofessional errors, the outcome of the case would have been different. *Thompson,* 9 S.W.3d at 812. "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Strickland,* 466 U.S. at 689 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson,* 9 S.W.3d at 813-14. The showing of ineffectiveness must warrant the conclusion of a reviewing court that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify counsel's acts or omissions, regardless of his subjective reasoning. *Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In the majority of cases, the record on direct appeal is inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) ("We have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). "When such direct evidence is not available, we will assume that counsel had a strategy

if any reasonably sound strategic motivation can be imagined." *Lopez,* 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Here a motion for new trial was not pursued as an avenue for allowing trial counsel to explain his actions. So we have no discussion on the record of counsel's reasons for the allegedly inadequate trial conduct. Under the *Strickland* standard, appellant has not demonstrated that her counsel's performance fell below an objective standard of reasonableness. It therefore is unnecessary for us to consider the second *Strickland* prong. Appellant's third issue is overruled.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.