# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4242

_____

Juan Lemus Martinez,

*Petitioner*,

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 14, 2017
Filed: June 27, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and HOLMES,[1] District
Judge.

_____

COLLOTON, Circuit Judge.

Juan Lemus Martinez, a citizen of Mexico, petitions for review of a decision
that he is removable from the United States. The Board of Immigration Appeals

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for
the Western District of Arkansas, sitting by designation.

concluded that Lemus Martinez's prior conviction in Missouri for possession of a controlled substance with intent to deliver made him removable. We agree with the Board and therefore deny the petition.

## I.

Lemus Martinez was admitted to the United States on a visa in 2004 and became a lawful permanent resident in 2006. In March 2015, he pleaded guilty in Missouri state court to possession of methamphetamine with intent to deliver, in violation of Mo. Rev. Stat. § 195.211.

The government commenced removal proceedings against Lemus Martinez on two grounds—namely, that he was convicted of a controlled substance offense and an aggravated felony. First, under 8 U.S.C. § 1227(a)(2)(B)(i), an alien is subject to removal if he has been convicted of violating "any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." Second, according to § 1227(a)(2)(A)(iii), an alien is removable if he has been convicted of an "aggravated felony," which includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1101(a)(43)(B). Section 802 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of [21 U.S.C. § 812]." 21 U.S.C. § 802(6).

To determine whether a state drug conviction is grounds for removal, the adjudicator is required to apply the so-called "categorical approach." That approach calls for a comparison of the elements of the state offense with removable offenses defined by federal law. *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). The adjudicator must assume that the state conviction rested upon nothing more than the least of the acts criminalized by the state statute and then determine whether that state statute fits within the removable offense identified by federal law. *Id.*; *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013).

Where a state statute encompasses the same conduct or less conduct than the federal offense, a conviction under the state statute will be a categorical match. *Descamps v. United States*, 570 U.S. 254, 261 (2013). But where a state statute criminalizes more conduct than the removable offense, it is overbroad and does not categorically make the offender removable. In that case, however, if a statute includes multiple, alternative elements that create several different crimes, the statute is considered "divisible." The adjudicator may then seek to determine, based on a limited class of judicial records, the crime of which the alien was convicted. *Id.* at 264; *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). After applying this modified categorical approach, if the elements of the offense of conviction fit within the removable offense, the alien is removable.

In this case, an immigration judge concluded that Lemus Martinez's state conviction rendered him removable. The Board of Immigration Appeals dismissed Lemus Martinez's administrative appeal. The Board reasoned that the Missouri statute under which Lemus Martinez was convicted was overbroad but divisible. Based on the record of conviction, the Board concluded that Lemus Martinez was convicted of both a controlled substance offense and an aggravated felony. Lemus Martinez disputes that conclusion, and we review the Board's legal determination *de novo*.

At the time of Lemus Martinez's offense, Mo. Rev. Stat. § 195.211.1 made it a crime to "possess with intent to . . . deliver . . . a controlled substance." A separate section, § 191.010(5), defined "controlled substance" with reference to five drug schedules that were set forth in § 195.017. Not all of the controlled substances listed in the Missouri drug schedules, however, appear in the federal schedules. Missouri forbids the possession with intent to deliver salvia divinorum, *id.* § 195.017.2(4)(jj), and ephedrine, *id.* § 195.017.8(6); the federal statute does not. *See* 21 U.S.C. §§ 802(6), 812. The two removable offenses at issue here incorporate the federal drug statute. The controlled substance offense is a violation of state law relating to

-3-

a controlled substance "as defined in Section 802 of Title 21." Similarly, the aggravated felony is illicit trafficking in a controlled substance "as defined in Section 802 of Title 21."

Because § 195.211 encompasses drugs that are not included in a federal schedule, the state offense sweeps more broadly than the two removable offenses. The Board concluded, however, that the state offense is divisible, because the identity of the controlled substance is an element of the crime. Lemus Martinez was convicted of possession with intent to deliver methamphetamine, a drug that is listed on the federal schedules, so the Board determined that he was convicted of a removable offense. Lemus Martinez counters that the state offense—including trafficking in salvia and ephedrine—is indivisible, because the different controlled substances represent different ways or means of committing a single offense. On that view, the Missouri crime is broader than the removable offenses defined by federal law.

To resolve this dispute over means versus elements, we look first to state law. After considering the statutory text, the approved jury instructions, and state court decisions, we conclude that the Missouri court decisions provide the best answer.

Two decisions of the Missouri Court of Appeals satisfy us that the identity of a controlled substance is an element of the offense. In *Salmons v. State*, 16 S.W.3d 635 (Mo. Ct. App. 2000), the court held that two convictions involving different drugs—methamphetamine under § 195.211.1, and pseudoephedrine under § 195.246—did not violate double jeopardy. *Id.* at 638. Salmons urged that "all of the elements of the felony of possession of pseudoephedrine are contained in the felony of the manufacture of methamphetamine," but the court ruled that knowledge of the specific controlled substance was an element of each charge, so the separate prosecution for possessing pseudoephedrine did not violate double jeopardy. *Id.* at 637-38. Likewise, in *State v. Harris*, 153 S.W.3d 4 (Mo. Ct. App. 2005), the court

-4-

rejected a double jeopardy challenge to separate convictions under § 195.211.1 for trafficking in cocaine and marijuana, because the legislature made "the possession, with intent to distribute, of any one of the different controlled substances listed in Schedules I through V *a separate and distinct offense* under § 195.211." *Id.* at 8 (emphasis added). The court explained that § 195.211.1 forbids the possession or distribution of "*a* controlled substance," and the use of the singular shows that the statute authorizes separate prosecutions for trafficking each of the various controlled substances listed in the schedules. *Id.* at 7-8 (emphasis added).

Lemus Martinez responds by citing two Missouri decisions holding that when a defendant is charged with trafficking or possessing cocaine, the State need not prove which type of cocaine—crack or powder—was involved. *State v. Lemons*, 294 S.W.3d 65, 70 (Mo. Ct. App. 2009); *State v. Bell*, 855 S.W.2d 493, 494 (Mo. Ct. App. 1993). But these decisions do not establish that the various controlled substances are means rather than elements, because crack cocaine and powder cocaine are not listed separately. The statutes forbid trafficking in "coca leaves and any salt, compound, derivative, or preparation of coca leaves," Mo. Rev. Stat. § 195.017.4(1)(d), so proof of either crack cocaine or powder cocaine is sufficient to meet that element. *Lemons* and *Bell* thus do not conflict with the conclusion in *Salmons* and *Harris* that the prosecution must prove that a defendant possessed or trafficked a particular enumerated controlled substance.

We also have examined the statutory text, but nothing in the terms of the statute conflicts with our reading of *Salmons* and *Harris*. Lemus Martinez suggests that the individual controlled substances must be alternative means, because the statute does not prescribe different punishments for different controlled substances: a violation of § 195.211 "with respect to *any controlled substance* except five grams or less of marijuana" is "a class B felony." *Id.* § 195.211.3 (emphasis added). But while *different* penalties for different statutory alternatives are an indication that the alternatives are elements, *Mathis*, 136 S. Ct. at 2256, that different alternatives carry

-5-

equal punishments does not show that the alternatives are means. The legislature could just as well have prescribed the same punishment for different offenses.

Lemus Martinez also argues that the type of controlled substance is not an element of the crime defined in § 195.211 because the controlled substances are listed in a separate provision of the Missouri code. We did say in *United States v. Headbird*, 832 F.3d 844 (8th Cir. 2016), and *United States v. McFee*, 842 F.3d 572 (8th Cir. 2016), that "if a phrase is defined in a separate statutory section, that 'provides textual support' that the definition is a list of 'means by which [an] element may be committed.'" *McFee*, 842 F.3d at 575 (alteration in original) (quoting *Headbird*, 832 F.3d at 849). But this observation was just one factor in those cases, and there were other reasons for the ultimate conclusions. In *Headbird*, the definition did not provide an exhaustive list of alternatives, so it could not have set forth elements. 832 F.3d at 848; *see Mathis*, 136 S. Ct. at 2256. In *McFee*, the defined phrase was prefaced with the word "any" rather than "a"—the crime was to "threaten[], directly or indirectly, to commit *any* crime of violence with purpose to terrorize another." Minn. Stat. § 609.713 subdiv. 1 (emphasis added). Because "any" includes "all," *see Harris*, 153 S.W.3d at 8, this phrasing suggests that the statute creates only one offense with several means set forth in the definition. *See United States v. Kinsley*, 518 F.2d 665, 668 (8th Cir. 1975). There is no universal rule that listings in a separate section automatically are means rather than elements. *See United States v. Henderson*, 841 F.3d 623, 630-31 (3d Cir. 2016) (holding that § 780-113(f)(1) of the Pennsylvania's Controlled Substances Act creates several alternative elements by cross-referencing an exhaustive list of *all* of the specific controlled substances covered by the Act in § 780-104).

Lemus Martinez also relies on the Missouri approved jury instruction for § 195.211, which is approved by the Missouri Supreme Court and must be used at trial. *See* Mo. Sup. Ct. R. 28.01; *State v. Isa*, 850 S.W.2d 876, 902 (Mo. 1993). The approved instruction for § 195.211 states in pertinent part:

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant possessed ([*name of controlled substance*]) (more than 5 grams of marijuana), a controlled substance, and

Second, that defendant (knew) (or) (was aware) of its presence and nature, and

Third, that defendant intended to (distribute) (deliver) (sell) the ([*name of controlled substance*]) (marijuana) to ([*name of persons, if known*]) (another person) (other persons),

then you will find the defendant guilty (under Count _____) of possession of ([*name of controlled substance*]) (more than 5 grams of marijuana) with intent to (distribute) (deliver) (sell).

MAI-CR 3d 325.08.

Lemus Martinez asserts that the placement of "name of controlled substance" in brackets within parentheses shows that the type of drug is a means not an element. The guidance for use of the instructions, however, does not support his contention. "[P]arentheses enclose words or phrases that will be either omitted or included, depending upon the facts of the case being submitted." MAI-CR 3d, *How to Use this Book*. "Brackets contain directions concerning the use or completion of the instructions." *Id.* Whether means or element, the identity of a controlled substance will be inserted to complete the instructions when the charge involves a substance other than marijuana. But we must look elsewhere to understand whether the name of the controlled substance describes an element of the offense. In this case, Missouri court decisions show that it is an element.

Because the identity of the controlled substance is an element of the offense under § 195.211, the statute is divisible based on the drug involved. The Board properly applied the modified categorical approach to determine whether Lemus Martinez was convicted of violating a state law relating to a controlled substance listed in the federal drug schedules or an aggravated felony. Lemus Martinez's record of conviction establishes that he pleaded guilty to a count charging that he, "with the intent to distribute, deliver and sell, possessed *methamphetamine*, a controlled substance, knowing its presence and nature." Under 21 U.S.C. § 812, methamphetamine is a Schedule III controlled substance. *Id.* Sch. III(a)(3). The Board therefore properly concluded that Lemus Martinez was removable for committing a controlled substance offense and an aggravated felony.

The petition for review is denied.

_____