# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1267

_____

Jorge Bueno-Muela,

*Petitioner*,

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 14, 2017
Filed: June 27, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and HOLMES,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Jorge Bueno-Muela, a citizen of Mexico, petitions for review of a decision that he is removable from the United States. The Board of Immigration Appeals

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

concluded that Bueno-Muela's prior conviction in Missouri for possession of a controlled substance made him removable. We agree with the Board and therefore deny the petition.

Bueno-Muela was admitted to the United States on a visa in 2005 and became a lawful permanent resident in 2012. In November 2015, he pleaded guilty to possession of methamphetamine, in violation of Mo. Rev. Stat. § 195.202.

The government commenced removal proceedings under 8 U.S.C. § 1227(a)(2)(B)(i). Under that section, an alien is removable if he has been convicted of violating "any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." Section 802 defines "controlled substance" as a "drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of [21 U.S.C. § 812]." 21 U.S.C. § 802(6).

An immigration judge concluded that Bueno-Muela's state conviction made him removable, and the Board of Immigration Appeals dismissed Bueno-Muela's administrative appeal. The Board reasoned that the question of removability turned on whether the elements of Bueno-Muela's state offense were a categorical match to the elements of § 1227(a)(2)(B)(i). *See Descamps v. United States*, 570 U.S. 254, 261 (2013). After determining that § 195.202 was overbroad but divisible, the Board consulted Bueno-Muela's record of conviction and concluded that Bueno-Muela was convicted of a controlled substance offense within the meaning of the federal statute. Bueno-Muela disputes this conclusion, and we review the Board's legal determination *de novo*.

At the time of Bueno-Muela's offense, Mo. Rev. Stat. § 195.202 made it a crime for a person to "possess or have under his control a controlled substance." *Id.* § 195.202.1 (2015). A separate section, § 195.010(5), defined "controlled substance" with reference to five drug schedules set forth in § 195.017. Bueno-Muela argues

that § 195.202 is broader than the federal removal statute because it criminalizes the possession of two controlled substances—salvia divinorum and ephedrine— that are not listed in the federal drug schedules. *See* § 195.017.2(4), (jj), 195.017.8(6). He further asserts that § 195.202 is indivisible between removable and non-removable offenses, because the specific controlled substance is a means, not an element, of the state offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). On this view, Bueno-Muela's conviction would not make him removable.

In *Martinez v. Sessions*, No. 16-4242, slip op. (8th Cir. June 27, 2018), also filed today, we considered a similar challenge involving a conviction for possession of a controlled substance with intent to deliver under Mo. Rev. Stat. § 195.211 (2015). After examining the text of § 195.211, the Missouri approved jury instructions, and decisions of the Missouri courts, we concluded that the specific controlled substance was an element of § 195.211 and that the statute was therefore divisible based on the identity of the controlled substance. *Martinez*, No. 16-4242, slip op. at 7-8. In reaching this conclusion, we relied primarily on two decisions of the Missouri Court of Appeals: *Salmons v. State*, 16 S.W.3d 635 (Mo. Ct. App. 2000), and *State v. Harris*, 153 S.W.3d 4 (Mo. Ct. App. 2005). In *Salmons*, the court held that knowledge of the specific controlled substance is an element of the offense of manufacturing methamphetamine under § 195.211. 16 S.W.3d at 637-38. In *Harris*, the court held that "the possession, with intent to distribute, of any one of the different controlled substances listed in Schedules I through V [is] *a separate and distinct offense* under § 195.211." 153 S.W.3d at 8 (emphasis added).

*Salmons* and *Harris* similarly resolve the means-versus-elements question in this case. Although Bueno-Muela was convicted under a different statutory section, nothing in the statute or other sources of Missouri law suggests that the identity of a controlled substance is treated differently in the drug possession statute, § 195.202, than in the drug trafficking statute, § 195.211. Both sections cross-reference the same list of controlled substances, and "possession of methamphetamine in violation of

section 195.202 is a lesser-included offense of possession of methamphetamine with intent to deliver in violation of section 195.211." *State v. Neher*, 213 S.W.3d 44, 48 (Mo. 2007). Having ruled in *Martinez* that the identity of a controlled substance is an element of possession with intent to deliver under § 195.211, we likewise conclude that the specific controlled substance is an element of simple possession under § 195.202.

Bueno-Muela contends that the identity of a controlled substance cannot be an element of the offense because it operates instead as the unit of prosecution. He asserts that by forbidding the possession of "*a* controlled substance" under § 195.202, the Missouri legislature intended merely to authorize separate prosecutions for the possession of each controlled substance, thereby avoiding any double-jeopardy concerns arising from cumulative punishments for the same offense. Bueno-Muela then claims that it would have been unnecessary to write the statute in this way if each controlled substance were an element of the offense. But the Missouri Court of Appeals in *Harris* concluded that it was precisely the use of the singular in "*a* controlled substance" that made possession of each controlled substance a "separate and distinct *offense*." 153 S.W.3d at 7-8 (emphasis added). That the legislature could have accomplished the same meaning with different text does not undermine the conclusion that we draw from *Harris*.

Bueno-Muela's other arguments about the statutory text, approved jury instruction, and Missouri case law echo the contentions raised by the petitioner in *Martinez*. We reject them for the same reasons. *See Martinez*, No. 16-4242, slip op. at 5-7.

Because the identity of a controlled substance is an element of the drug possession offense under § 195.202, the statute is divisible based on the substance involved. The Board properly consulted the record of conviction to determine whether Bueno-Muela was convicted of violating a state law relating to a controlled

substance listed in the federal drug schedules. Bueno-Muela's record of conviction establishes that he pleaded guilty to a count charging that he "possessed *methamphetamine*, a controlled substance, knowing of its presence and nature." Methamphetamine is a Schedule III controlled substance under 21 U.S.C. § 812. The Board therefore correctly concluded that Bueno-Muela was removable for committing a controlled substance offense.

The petition for review is denied.

_____