# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3344

_____

Jorge Jimenez-Vielma

*Petitioner*

v.

Matthew G. Whitaker, Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 26, 2018
Filed: November 29, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

An Immigration Judge (IJ) denied Jorge Jimenez-Vielma's applications for withholding of removal, asylum, and Convention Against Torture (CAT) protection. The Board of Immigration Appeals (Board) dismissed Jimenez-Vielma's appeal. We deny his petition for review of that decision.

## I. Background

Jimenez-Vielma was born in Piedras Negras, a Mexican town just south of the Texas border, where he lived until the age of seventeen. In Piedras Negras, Jimenez-Vielma experienced violence on several occasions because of his older brother's gang activity. In one incident, a member of a rival drug cartel assaulted Jimenez-Vielma and threatened him with a sharp object. On another occasion, the police beat then-fourteen-year-old Jimenez-Vielma after he failed to provide information about his brother. At age sixteen, Jimenez-Vielma was arrested and incarcerated in an adult prison for three months. After his release, the same rival gang member stabbed him with a screwdriver. Jimenez-Vielma departed Piedras Negras two months later and entered the United States without inspection in August 2001. He has lived in the United States continuously since that time. In 2013, he married a United States citizen with four children from a previous relationship.

Jimenez-Vielma's brother was arrested in Mexico in 2013 and remains incarcerated. His parents still live in Piedras Negras and have never been harmed by gang members or law enforcement. Jimenez-Vielma's sister currently lives outside Piedras Negras. She has never been physically harmed by gang members, but her car was attacked at some point by an unknown individual.

In 2012, the Department of Homeland Security (DHS) initiated removal proceedings against Jimenez-Vielma, alleging that he was inadmissible for entering the country without inspection. The immigration proceedings were stayed, however, when Jimenez-Vielma was charged in St. Louis County, Missouri, with possession of cocaine base in violation of Missouri Revised Statutes § 195.202. After Jimenez-Vielma was convicted in 2015, DHS lodged an additional charge of inadmissability against him and the proceedings resumed.

At a series of hearings Jimenez-Vielma admitted entering the United States without inspection and testified to the facts as set forth above. He also called Dr. Thomas Boerman to testify as an expert witness about organized crime in Mexico. Dr. Boerman opined that if removed to Mexico, Jimenez-Vielma would face a risk of torture or murder based on his familial relationship with his brother, and his status as a *pocho*, which Jimenez-Vielma defines as an Americanized Mexican.

The IJ found Jimenez-Vielma inadmissible and subject to removal under §§ 212(a)(2)(A)(i)(II) and 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1182(a)(6)(A)(i), and, as recounted above, denied his applications for asylum, withholding of removal, and CAT protection. Jimenez-Vielma appealed to the Board, which initially dismissed his appeal in November 2016. We subsequently remanded the case to the Board for further consideration of the withholding of removal claim, whereupon the Board again dismissed the appeal.

## II. Discussion

Jimenez-Vielma challenges the determination that he is removable under § 1182(a)(2)(A)(i), which provides that "any alien convicted of . . . (II) a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible." Jimenez-Vielma argues that his conviction under Missouri Revised Statutes § 195.202 does not satisfy the federal provision because Missouri's controlled substance schedule is broader than the equivalent federal schedule. Jimenez-Vielma's argument is foreclosed by our prior decisions determining that the identity of the controlled substance is an element of the offense under Missouri law and that § 195.202 is therefore divisible based on the drug involved. See Martinez v. Sessions, 893 F.3d 1067, 1073 (8th Cir. 2018) (concluding § 195.211 is divisible under Missouri law); Bueno-Muela v. Sessions, 893 F.3d 1073, 1075 (8th Cir. 2018) (extending Martinez's reasoning to § 195.202). Because Jimenez-Vielma was convicted of possessing cocaine base, which is

criminalized under both state and federal law, he is removable under § 1182(a)(2)(A)(i).  See 21 C.F.R. § 1308.12.

Because Jimenez-Vielma is removable under § 1182(a)(2)(A)(i), the criminal alien bar precludes our review of his petition, "save for questions of law or constitutional claims."  Brikova v. Holder, 699 F.3d 1005, 1008 (8th Cir. 2012) (recognizing that courts lack jurisdiction over "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)" (quoting 8 U.S.C. § 1252(a)(2)(C))).  We therefore have jurisdiction to consider only whether Jimenez-Vielma's right to procedural due process was violated and whether the Board applied the correct legal standard to his claim for withholding of removal.  See Gallimore v. Holder, 715 F.3d 687, 690 (8th Cir. 2013) (applying the criminal alien bar to factual challenges to removal and CAT determinations).

Jimenez-Vielma argues that his Fifth Amendment right to a fair hearing was violated when the IJ relied on exhibits that were not admitted into evidence.  We review *de novo* the question whether a petitioner's procedural due process rights were violated.  See Bracic v. Holder, 603 F.3d 1027, 1032 (8th Cir. 2010).  To establish a due process violation, Jimenez-Vielma must demonstrate "both a fundamental procedural error *and* prejudice."  Ramirez v. Sessions, 902 F.3d 764, 772 (8th Cir. 2018).  We find no error here, and if we did, we would find no prejudice.

Although Jimenez-Vielma's objections to certain exhibits were never overruled on the record, the record reflects that all exhibits on which the IJ relied were admitted.  The disputed exhibits related to Jimenez-Vielma's controlled substance conviction and his expert's credentials.  Accordingly, they were probative and their admission into evidence was fundamentally fair.  See Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004) ("The sole test for admission of evidence [in immigration proceedings] is whether the evidence is probative and its admission is fundamentally

fair." (quoting <u>Espinoza v. INS</u>, 45 F.3d 308, 310 (9th Cir. 1995))). For the same reasons, we conclude that Jimenez-Vielma was not prejudiced by the exhibits' admission. Jimenez-Vielma does not point to any prejudice other than that the exhibits were admitted and that they were adverse to his case. <u>See</u> <u>Ramirez</u>, 902 F.3d at 772 ("To establish prejudice, [petitioner] must show 'the outcome of the proceeding may well have been different had there not been any procedural irregularities.'" (quoting <u>Tun v. Gonzales</u>, 485 F.3d 1014, 1026 (8th Cir. 2007))). Because the IJ did not err in admitting the exhibits, Jimenez-Vielma suffered no deprivation of due process.

Finally, Jimenez-Vielma's petition asserts that the Board applied the wrong legal standard when analyzing his claim for withholding of removal. He contends that the Board and IJ erroneously applied the "one central reason" nexus requirement used for asylum claims. <u>See</u> <u>Garcia-Moctezuma v. Sessions</u>, 879 F.3d 863, 867 (8th Cir. 2018) (discussing the "one central reason" standard). We decline to consider this newly raised argument. Jimenez-Vielma was represented by counsel and does not explain why he failed to raise this argument before the Board, particularly in light of our previous remand to the Board for further consideration of the nexus issue. His failure to do so precludes our consideration of the argument. <u>See</u> <u>id.</u> at 867-68 (declining to consider petitioner's "one central reason" argument in light of his failure to raise the issue below).

The petition for review is denied.

_____