**IN THE COURT OF APPEALS OF IOWA**

No. 18-0235
Filed March 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PRINCE MELLISH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

        Prince Mellish appeals his conviction and sentence for theft in the third degree. **AFFIRMED.**

        Elizabeth Araguas of Nidey, Erdahl, Fisher, Pilkington & Meier PLC, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Vogel, C.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, Chief Judge.**

Prince Mellish appeals his conviction and sentence for theft in the third degree.  *See* Iowa Code §§ 714.1, 714.2(3) (2017).  He argues his counsel was ineffective for allowing him to sign a plea agreement that incorrectly states the law and for failing to correctly explain how his guilty plea would affect his immigration status.  We find the plea agreement correctly states he has an obligation to understand his immigration status and no prejudice resulted from his counsel's claimed failure to investigate the divisibility of his theft charge.  Therefore, we affirm.

On June 9, 2018, the district court accepted Mellish's written guilty plea for theft in the third degree.[1]  The court sentenced him to ninety-two days in jail with all jail time suspended and placed him on probation.  He appealed to us and obtained a motion for limited remand to establish a record on immigration issues.  As part of the remand, he deposed his plea counsel.  His plea counsel testified Mellish came to the United States as a refugee from Liberia and was in federal detention at the time he entered his plea.

We review ineffective-assistance-of-counsel claims de novo.  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).  "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted."  *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  A breach of an essential duty occurs

---

[1] In the same written plea agreement, Mellish also agreed to plead guilty to possession of a controlled substance from a separate case number.  The possession charge is not part of this appeal.

"when the attorney fails to advise a client of the immigration consequences of a plea." *Diaz v. State*, 896 N.W.2d 723, 728 (Iowa 2017). "If the defendant makes the requisite showing under this first prong, the defendant must then show that, but for counsel's ineffective assistance, he or she 'would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). To establish prejudice, "the defendant must only show the 'decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* at 729 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

First, Mellish argues his counsel was ineffective for allowing him to sign the written guilty plea. Specifically, he argues the following passage misstates the law:

> C. **FOR PERSONS WHO ARE NOT A U.S. CITIZEN:** I understand that a criminal conviction, deferred judgment or deferred sentence may result in my deportation or have other adverse immigration consequences if I am not a United States citizen. I have had the opportunity to obtain legal advice about this matter and understand that *it is my obligation to understand my immigration status before entering a guilty plea in this case*.

(Emphasis added.) He asserts this passage improperly shifts the burden for understanding the immigration consequences of a guilty plea onto the defendant. We disagree. The district court is generally obligated to "determine that the defendant understands" the plea and to reject the plea if it was not made voluntarily and intelligently. Iowa Ct. R. 2.8(2)(b). To that end, the plea Mellish signed includes affirmations that he understands the crime charged, the maximum punishment he could receive, the rights he was waiving, and other consequences. Including an acknowledgement that he recognizes his obligation to understand his immigration status is consistent with the court's duty to ensure the plea is voluntary and intelligent. *See id.*

Furthermore, our supreme court has favorably quoted the guidelines of the American Bar Association in formulating an attorney's duty for non-citizen defendants, recommending that "[d]efense counsel should determine a client's citizenship and immigration status" and "investigate and identify particular immigration consequences that might follow possible criminal dispositions." *Diaz*, 896 N.W.2d at 731. Counsel should then "advise the client of all such potential consequences and determine with the client the best course of action for the client's interests and how to pursue it." *Id.* Inherent in this recommendation is the requirement that the client understand his or her own immigration status; otherwise, counsel cannot effectively help the client determine the best course of action. When taken as a whole, his counsel's testimony and the written plea make clear Mellish's obligation to understand his immigration status is in conjunction with his opportunity to obtain legal advice about the matter. His counsel testified he has known Mellish "for quite some time," having first represented him as a juvenile in 2015. His counsel also testified he had advised Mellish of specific immigration consequences related to his theft charge here. Therefore, his counsel was not ineffective for allowing him to sign the written plea.

Second, Mellish argues his counsel was ineffective for failing to investigate the potential divisibility of his theft charges under Iowa Code section 714.1.[2] Even

---

[2] The Eighth Circuit Court of Appeals provided the following explanation of when a state conviction is a removable offense for a non-citizen in the context of a drug conviction:

> To determine whether a state drug conviction is grounds for removal, the adjudicator is required to apply the so-called "categorical approach." That approach calls for a comparison of the elements of the state offense with removable offenses defined by federal law. The adjudicator must assume that the state conviction rested upon nothing more than the least of the acts criminalized by the state statute and then

if we assume his counsel breached an essential duty here, he cannot show prejudice resulted. He asserts an effective counsel would have recognized the potential divisibility and could have structured an "immigration-safe" conviction with little or no impact on his immigration status. However, we do not determine prejudice based on a hypothetical plea agreement never offered; rather, Mellish must show that but for the claimed ineffective assistance he "would not have pleaded guilty and would have insisted on going to trial." *Diaz*, 896 N.W.2d at 728.

According to his trial counsel, Mellish has a prior conviction for third-degree attempted burglary. His plea counsel testified he provided the following advice during plea discussions:

> I let him know that, from my understanding, he was already subject to removal based on the [attempted burglary conviction] and that he was being held and detained on that—because when I went to visit him he was actually in [federal Immigration and Customs Enforcement] detention—I told him that—that this new offense would lead—lead to removal proceedings as well, but that they'd probably all just get taken care of at the same time; I told him that we could proceed to jury trial, but from the underlying facts and from the discovery that I got from the county attorney and my review of it, that it probably wasn't going to be of a different outcome.

---

determine whether that state statute fits within the removable offense identified by federal law.

Where a state statute encompasses the same conduct or less conduct than the federal offense, a conviction under the state statute will be a categorical match. But where a state statute criminalizes more conduct than the removable offense, it is overbroad and does not categorically make the offender removable. In that case, however, if a statute includes multiple, alternative elements that create several different crimes, the statute is considered "divisible." The adjudicator may then seek to determine, based on a limited class of judicial records, the crime of which the alien was convicted. After applying this modified categorical approach, if the elements of the offense of conviction fit within the removable offense, the alien is removable.

*Martinez v. Sessions*, 893 F.3d 1067, 1069–70 (8th Cir. 2018) (citations omitted).

His counsel also testified he knew the new theft charge "wouldn't bode well in [Mellish's] removal proceedings, but from my understanding he was already going to be deported." Mellish asserts his counsel failed to verify these facts. However, Mellish bears the burden of proving prejudice in order to succeed on his ineffective-assistance claim. *See id.* Mellish has provided no evidence to refute his counsel's statement that his prior burglary conviction ensured "he was already going to be deported" regardless of the outcome of his theft proceeding. He has also shown no other "unusual circumstances" that would prove "a reasonable probability that he would have rejected the plea." *Lee v. United States*, 137 S. Ct. 1958, 1967–69 (2017) (finding a noncitizen defendant established prejudice by showing "deportation [was] the 'determinative issue' . . . in plea discussions," he "had strong connections to this country and no other," and "the consequences of taking a chance at trial were not markedly harsher than pleading"). As his counsel noted, the State offered a substantial benefit in the plea agreement by agreeing to suspend any jail time. Therefore, Mellish has not shown he would have made a rational decision to reject the plea agreement and insist on trial even if his counsel had fully advised him of the potential divisibility of his theft charge. *See Diaz*, 896 N.W.2d at 728–29.

Alternatively, Mellish asks us to adopt a per se rule of prejudice when counsel for a non-citizen breaches an essential duty with immigration consequences. In order to show prejudice, our supreme court requires non-citizens to prove they "would not have pleaded guilty and would have insisted on going to trial." *Id.* at 728. "We are not at liberty to overturn Iowa Supreme Court

precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We decline to adopt a per se rule of prejudice.

**AFFIRMED.**