# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3276

_____

United States of America

*Plaintiff - Appellee*

v.

Billy J. Griffin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 10, 2019
Filed: July 12, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Billy J. Griffin pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At sentencing, the district court[1] determined,

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

over Griffin's objection, that Griffin qualified as a career offender under United States Sentencing Guidelines § 4B1.1(a) (2016) based on two prior Missouri convictions, one for distribution of a controlled substance and another for possession of a controlled substance with intent to distribute, both in violation of Mo. Rev. Stat. § 195.211 (2005) (now codified at § 579.055). As a result, Griffin's advisory Guidelines range was 188 to 235 months of imprisonment. The district court imposed a below-Guidelines sentence of 150 months. Griffin now appeals the career offender designation, contending that his prior convictions do not qualify as controlled substance offenses under the Guidelines because Missouri defines "controlled substance" more broadly than federal law does. See Mo. Rev. Stat. §§ 195.010(5), 195.017 (2005). We review de novo whether a prior conviction qualifies as a controlled substance offense. United States v. Robertson, 474 F.3d 538, 540 (8th Cir. 2007).

Griffin concedes that his contention is foreclosed by Martinez v. Sessions, 893 F.3d 1067 (8th Cir. 2018), cert. denied, 139 S. Ct. 1198 (2019), and Bueno-Muela v. Sessions, 893 F.3d 1073 (8th Cir. 2018), cert. denied, 139 S. Ct. 1198 (2019). In those cases, we held that the various controlled substances listed within Missouri's statutory definition of "controlled substance" are separate elements of Missouri drug offenses, and therefore that a Missouri drug offense conviction qualifies as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) as long as the defendant's conviction was based on a substance that is also a controlled substance under federal law. See Martinez, 893 F.3d at 1070–73; Bueno-Muela, 893 F.3d at 1074–76. Griffin's sole argument on appeal is that Martinez and Bueno-Muela do not control the outcome of his appeal because they conflict with United States v. Naylor, 887 F.3d 397 (8th Cir. 2018) (en banc), an opinion issued two months earlier by the court sitting en banc regarding Missouri's burglary statute. This is an argument to be made to the court sitting en banc, as this panel is bound by the decisions of earlier panels. See, e.g., United States v. Anwar, 880 F.3d 958, 971 (8th Cir. 2018).

Accordingly, the judgment is affirmed.

_____